STATE of Wisconsin, Plaintiff-Respondent,

v.

Lynn BOEHM, a/k/a Marilyn S. Boehm,
Defendant-Appellant. †

Court of Appeals

*No. 84–1445–CR. Submitted on briefs May 3, 1985.—Decided
November 14, 1985.*
(Also reported in 379 N.W.2d 874.)

---

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Janet A. Jenkins* and *Bosshard & Associates* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Christopher G. Wren,* assistant attorney general.

Before Gartzke, P.J., Dykman, J., and Bruce F. Beilfuss, Reserve Judge.

GARTZKE, P.J. Lynn Boehm appeals her judgment of conviction for soliciting first-degree murder, secs. 939.30 and 940.01(1), Stats. The issues are whether renunciation or withdrawal is a defense to a charge of solicitation, and whether the trial court erred by allowing testimony on the accuracy of a 30/30 rifle and cross-

examination of Boehm on possible welfare fraud. We conclude that renunciation or withdrawal is not a defense and that the court properly allowed the challenged testimony and cross-examination. We therefore affirm.

1. *Renunciation or Withdrawal Defense*

The solicitation statute, sec. 939.30, Stats., provides:

> Whoever, with intent that a felony be committed, advises another to commit that crime under circumstances which indicate unequivocally that he or she has such intent is guilty of a Class D felony; except that for a solicitation to commit a crime for which the penalty is life imprisonment the actor is guilty of a Class C felony and for a solicitation to commit a Class E felony the actor is guilty of a Class E felony.

First degree murder is a Class A felony, the penalty for which is life imprisonment. Sections 939.50(3)(a) and 940.01(1), Stats.

That Boehm solicited Larry Poor to murder Ron Hitchler is uncontested on appeal. Boehm testified, however, that no later than January 25, 1983, she told Poor that she was "done with" the Hitchler killing. Poor testified that January 25, 1983 Boehm told him the whole thing was off. The murder was not committed.

Boehm asked the trial court to modify the standard solicitation instruction, Wis J I—Criminal 550. Under that instruction, the jury is told that before a defendant may be found guilty of solicitation, the state must establish that the defendant intended that a specified crime be committed, and advised a person by words or expressions to commit the specified crime, and did so under circumstances which indicate, unequivocally, that he or she intended that such words or expressions result in the commission of the specified crime.

Boehm asked that the jury be further instructed that if, before the specified crime was committed, the defend-

ant voluntarily changed his or her mind and no longer desired the commission of the specified crime, and notified the other of his or her withdrawal, then the defendant could not be convicted of solicitation.

The trial court refused to give the additional instruction. The court assumed that renunciation would constitute a defense, but held that the evidence was insufficient to support the submission of renunciation.

The state argues that the solicitation statute does not provide for renunciation as a defense; that renunciation cannot affect a crime which has already occurred; and that nothing in the record justifies application of renunciation. Because we agree with the first two contentions, we do not reach the third.

The statute creating the crime of solicitation, sec. 939.30, Stats., makes no provision for renunciation or withdrawal as a specific defense. The statute on which Boehm relies for renunciation or withdrawal as a general defense is sec. 939.05(2)(c). Section 939.05 provides in pertinent part:

(1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime. . . .

(2) A person is concerned in the commission of the crime if he:

(a) Directly commits the crime; or

(b) Intentionally aids and abets the commission of it; or

(c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it. . . . This paragraph does not apply to a person who voluntarily changes his mind and no longer desires that the crime be committed and notifies the other parties concerned of his withdrawal within a reasonable time before the commission of the crime so as to allow the others also to withdraw.

■

Section 939.05(2)(c), Stats., does not make renunciation or withdrawal a defense to the crime of solicitation. Section 939.05(2)(c) merely sets forth the third of three circumstances in which a person is concerned in the commission of a crime. Boehm was not charged with aiding or abetting or conspiring or advising, hiring, counseling or otherwise procuring another to commit solicitation. She was charged with the direct commission of that crime, the first of the three circumstances in which a person is concerned in the commission of a crime.

Boehm contends that recognizing the defense of renunciation or withdrawal may prevent solicited crimes from being committed. The drafters of the model penal code would permit a form of renunciation as a defense for the completed crime of solicitation. Model Penal Code sec. 5.02(3) (Official Draft 1985).[1] See 4 *Wharton's Criminal Law* sec. 715, at 516 (14th ed. 1981), for examples of jurisdictions in which renunciation is a statutory defense.

■

The court of appeals cannot recognize the proposed defense. Renunciation or withdrawal cannot undo that which has been done and therefore has no effect on the elements of solicitation, once completed. Renunciation or withdrawal therefore cannot be a defense to the completed crime of solicitation, in the absence of statute. The court of appeals cannot create a nonstatutory and non-

---

[1] Section 5.02(3) of the Model Penal Code provides: "It is an affirmative defense that the actor, after soliciting another person to commit a crime, persuaded him not to do so or otherwise prevented the commission of the crime, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose." The instruction Boehm requested differs markedly from the Model Penal Code provision.

constitutional defense for a completed statutory crime.[2]

### 2. *Testimony Regarding Rifle*

Boehm contends that the trial court erred by permitting a police sergeant to testify to the accuracy of a 30/30 caliber rifle. She contends that the evidence was irrelevant and highly prejudicial, and that the sergeant was not qualified to express an opinion.

Before the sergeant testified, the jury heard a taped conversation between Boehm and Poor in which Poor said he needed a 30/30 rifle. Near the end of the conversation Poor said, "Get the gun and $1,000 bucks and let me know, and I will be ready." Boehm replied, "I will definitely." The state proposed to have the sergeant testify on the accuracy of a 30/30 rifle, arguing that accuracy tended to make the practicality of the murder plan more probable than not. After hearing the sergeant's testimony in an offer of proof that a good shot can accurately fire a 30/30 rifle at a distance of 50 to 100 yards, the court permitted the sergeant to give his opinion to the jury.

Boehm argues that the accuracy of a 30/30 rifle, and thus the "practicality" of the plan, has nothing to do with her intent to have a crime committed unless she knew the gun's accuracy. Since no evidence was presented that

---

[2] We could not recognize either defense on the theory that it is a common law rule of criminal law not abolished in Wisconsin. Sec. 939.10, Stats. The common law received in Wisconsin by virtue of Wis. Const. art. XIV, sec. 13, is the law arising from English decisions rendered before 1776. *Davison v. St. Paul Fire & Marine Ins. Co.,* 75 Wis.2d 190, 201, 248 N.W.2d 433, 439 (1977). *Rudolph v. State,* 128 Wis. 222, 228, 107 N.W. 466, 469 (1906), contains dictum that solicitation was a common law crime. The more precise view is that it is at least uncertain whether solicitation was a distinct substantive crime before *Rex v. Higgins,* 102 Eng. Rep. 269 (K.B. 1801). 4 *Encyclopedia of Crime and Justice,* Solicitation 1503 (1983); W. LaFave & A. Scott, *Handbook on Criminal Law* sec. 58, at 414–15 (1972); R. Perkins, *Criminal Law* 583 (1969).

Boehm knew anything about guns, she contends that the evidence is irrelevant.

Boehm did not challenge the relevancy of the sergeant's testimony on the theory she presents on appeal. A timely objection to a ruling admitting evidence must state the specific ground of objection unless it is apparent from the context. Sec. 901.03(1)(a), Stats. Boehm's argument on appeal is not apparent from her relevancy objection. A relevancy ruling is discretionary. *State v. Pharr,* 115 Wis. 2d 334, 344–45, 340 N.W.2d 498, 502–03 (1983). We will not overturn a discretionary ruling on a ground not brought to the trial court's attention.

Boehm also argues on appeal the sergeant's testimony was highly prejudicial. Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Sec. 904.03, Stats. Boehm, however, did not ask the trial court to apply sec. 904.03 to the sergeant's testimony. Her unfair prejudice argument was limited to a 30/30 rifle that the state offered in evidence. The trial court disallowed introduction of the rifle. We will not find an abuse of discretion where the defendant failed to ask the trial court to exercise its discretion. *State v. Gollon,* 115 Wis. 2d 592, 604, 340 N.W.2d 912, 918 (Ct. App. 1983).

Boehm timely and specifically objected to the sergeant's testimony on the ground that he was not shown to be an expert on 30/30 rifles. The trial court allowed the testimony because the sergeant had testified to some experience with such a weapon, and it is generally understood that a 30/30 is a high-powered rifle. The trial court has wide discretion in determining whether a particular witness has sufficient knowledge, background and experience to testify on a subject. *State v. Elson,* 60 Wis. 2d 54,

67, 208 N.W.2d 363, 370 (1973). Because the trial court exercised its discretion, giving its reasons on the basis of the record before it, it did not abuse its discretion.

### 3. *Cross-Examination on Welfare Fraud*

Before the trial, the state agreed not to refer to a current investigation of welfare fraud by Boehm. She testified, however, to receiving welfare and rental income. The state then asked leave to cross-examine Boehm on her failure to report income when receiving welfare, arguing that it affected her credibility. Boehm contended that such cross-examination would inquire into other crimes, evidence of which is admissible only to prove motive, opportunity, intent, etc., under sec. 904.04(2), Stats. The court permitted the cross-examination. Boehm admitted on cross-examination that while she was on welfare, she had to report all income to the welfare agency, and that she received rental income but did not report it.

The trial court did not err. For purposes of attacking credibility, specific instances of conduct probative of truthfulness or untruthfulness and not remote in time, may be inquired into on cross-examination. Sec. 906.08(2), Stats. Because "an accused's testimony subjects his credibility to possible impeachment," *United States v. Thomas,* 676 F.2d 531, 537 (11th Cir. 1982), Boehm put her credibility at issue by taking the stand. Having testified to receiving welfare and rent, Boehm could not hold the state to its agreement not to inquire into this area. The cross-examination was proper.

*By the Court.*—Judgment of conviction affirmed.