STATE of Wisconsin, Plaintiff-Respondent,

v.

Randy K. FISCHER, Defendant-Appellant.

Court of Appeals

*No. 88–0400–CR. Submitted on briefs August 31, 1988.—
Decided November 23, 1988.*

(Also reported in 433 N.W.2d 647.)

For the defendant-appellant the cause was submitted on the briefs of *John C. Albert* and *Smoler & Albert, S.C.,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Gartzke, P.J., Eich and Sundby, JJ.

GARTZKE, P.J.   Randy Fischer appeals from a judgment of conviction on a plea of no contest to possession of a controlled substance and possession of a controlled substance with intent to deliver, secs. 161.16(2)(b)1, 161.41(1)(c)1 and 161.41(3), Stats. He challenges an order denying his motion to suppress evidence. The issues are whether (1) the police exceeded the scope of a search warrant by seizing a locked safe in Fischer's apartment; (2) the police unconstitutionally conducted a warrantless search of the safe after seizing it; and (3) the trial court should have

ordered the state to disclose the identity of an informer whose statements to the police formed a partial basis for the warrant's issuance. We conclude that the warrant authorized the seizure, that a separate warrant was unnecessary to examine the safe's contents, and that the trial court properly refused to order the disclosure. We therefore affirm.

On December 17, 1986 Detective Henze executed an affidavit to support issuance of a warrant authorizing a search of Fischer's apartment. Several officers searched the apartment, seized numerous drug-related items, and seized a locked safe found within the apartment. They removed and opened the safe and found several ounces of cocaine in it.

1. *Seizure of Safe*

The warrant authorized the police to search Fischer's apartment for controlled substances and controlled substance paraphernalia, including "containers of various types commonly associated with the storage of controlled substances." Fischer contends that a safe is not such a container. The warrant makes no reference to safes. Whether the warrant authorized seizure of the safe is a question of mixed fact and law.

At the suppression hearing, Detective Henze testified that he and Detective Brunk participated in the search. Henze testified he believed on the basis of his training that he would find contraband in the safe and that in his experience, because of their value, controlled substances are sometimes kept in safes. Brunk testified that in his experience, safes are commonly used to store controlled substances. This evidence, which the trial court accepted, was sufficient for the court to conclude that a safe is a container commonly associated with the storage of

controlled substances. Consequently, the warrant authorized the safe's seizure.

2. *Search of Safe*

██ An additional warrant was unnecessary to search the safe after its seizure.

> A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found. ... When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, ... must give way to the interest in the prompt and efficient completion of the task at hand.

*United States v. Ross,* 456 U.S. 798, 820–21 (1982) (footnote omitted). So a warrant to search for drugs authorizes the search of a locked safe which could reasonably be expected to contain drugs and the seizure of drugs found within it. *United States v. Wright,* 704 F.2d 420, 422 (8th Cir. 1983).

3. *Disclosure of Informant's Identity*

We turn to Fischer's motion for disclosure of the identity of one of the state's two informers, made and denied during his suppression hearing. Fischer moved to suppress the evidence seized pursuant to the warrant, on grounds that "[t]he affidavit in support of the search warrant contains false material which, when stricken, may result in an affidavit that does not

state probable cause for the issuance of a search warrant."

Detective Henze's warrant affidavit is based partly on information from two confidential informers, A–8 and Z–1, Henze stated that he believed A–8 to be truthful and reliable because of previous investigations that Detective Brunk supervised in which A–8 has performed about seven controlled drug buys. He believed that Z–1 was truthful and reliable because Z–1 had been so in the past and because of two previous controlled buys Henze had supervised in 1986.[1]

■

At the suppression hearing, Fischer's counsel stated that the motion was based on *Franks v. Delaware,* 438 U.S. 154 (1978), and *State v. Mann,* 123 Wis. 2d 375, 367 N.W.2d 209 (1985). The *Franks* Court held that allegations in an affidavit supporting issuance of a warrant will be struck if the allegations were deliberately false or made with reckless disregard for the truth. 438 U.S. at 155–56. A defendant who seeks an order striking parts of the warrant affidavit on such grounds must first make a substan-

---

[1]The balance of Henze's affidavit states that in June 1986 Z–1 told Detective Brunk that he knew a Watertown drug dealer, Randy Fischer, from whom he could purchase up to one gram of cocaine for $50 per half gram. Brunk told Henze that Fischer received mail at 212 S. 9th Street in Watertown. Fischer told Z–1 on three occasions in 1986 that Z–1 should check back on Thursday because Fischer restocked on that day, and Brunk reported that in July 1986 Fischer told A–8 that Fischer received his resupply of cocaine on Thursdays. On September 5, 1986 Henze used Z–1 for a controlled buy of one-half gram of cocaine from Fischer at his residence. On December 13, 1986 Henze made another controlled buy from Z–1 through Fischer at the same address.

tial preliminary showing that the person executing the affidavit knowingly or with reckless disregard for the truth included a false statement necessary to the magistrate's finding of probable cause. *Id.* at 171–72. If a substantial preliminary showing to that effect has been made, then the person attacking the affidavit is entitled to a veracity hearing to determine whether the material is indeed false or included with reckless disregard for the truth. *Id.* The *Mann* court held that the *Franks* rule applies to "specific and limited material evidentiary facts omitted from a search warrant affidavit." 123 Wis. 2d at 386, 367 N.W.2d at 213.

Fischer had independently learned that A–8 was Daniel Gross and subpoenaed him. At the motion hearing Gross testified that he was a drug addict, had a criminal record and had not seen the defendant for months because he left town in early July 1986. The defense established through Detective Henze's testimony that he knew that Gross was a drug addict and did not state that fact in his warrant affidavit, that he did not know whether Z–1 had a criminal record and that Z–1 "may have" used drugs but that he did now know "for sure."[2] On the basis of these responses, Fischer asked the state to disclose Z–1's identity to ascertain whether Z–1 had a criminal record and was a drug addict. The state refused, the defense moved to compel the state to disclose Z–1's identity and the trial court denied that motion, as well as the motion to suppress.

The state asserts that Fischer lost his right to appellate review of the disclosure ruling since a plea

[2]Fischer does not contend that Henze's knowledge regarding Gross requires invalidation of the warrant.

of guilty or no contest waives nonjurisdictional defects and defenses. *County of Racine v. Smith,* 122 Wis. 2d 431, 434, 362 N.W.2d 439, 441 (Ct. App. 1984). We hold to the contrary.

Fischer appeals under sec. 971.31(10), Stats. That statute allows an appeal from an order denying a motion to suppress evidence after a judgment is entered on a plea of guilty or no contest. His motion is based on *Franks,* as applied by *Mann* to omissions from the warrant affidavit. The procedure outlined in *Franks* is based on the fourth amendment requirement that a search warrant be issued by a neutral and disinterested magistrate upon a finding of probable cause. *Franks,* 438 U.S. at 164. Fischer's motion to compel disclosure was made in the course of his suppression hearing. Because his no contest plea did not waive his right to appeal from the order denying suppression, and a meaningful appeal from that order must include review of adverse rulings incident to it, he has not waived his right to review of the disclosure ruling.

We reject Fischer's argument that he made a sufficient showing under *Mann* and *State v. Outlaw,* 108 Wis. 2d 112, 321 N.W.2d 145 (1982), tho entitle him to disclosure of Z–1's identity. The *Mann* court extended the *Franks* procedure to impeach a warrant affidavit if a material fact has been omitted from it and if the omission is the equivalent of a deliberate falsehood or reckless disregard for the truth. 123 Wis. 2d at 388, 367 N.W.2d at 214. That extension does not reduce the requirement of *Franks* that the defendant make a "substantial preliminary showing" in order to obtain a veracity hearing.

We conclude that, as a matter of law, Fischer failed to make the preliminary showing required by *Franks* and *Mann* that the person executing the warrant affidavit knowingly or with reckless disregard for the truth, omitted from it the "fact" that Z–1 had a criminal record or was a drug addict. Fischer made no showing whatever, by way of testimony, affidavit or offer of proof, that Z–1 in fact had a criminal record or was a drug addict. That the other informer, Gross, was an addict and had a record fails to provide a basis for the inference that the same is true of Z–1.

*Franks* does not require the trial court to compel the state to disclose the identity of an informer. The *Franks* Court adopted the substantial preliminary showing requirement partly "to prevent the misuse of a veracity hearing for purposes of discovery or obstruction" and declined to decide "whether the reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made." *Franks,* 438 U.S. at 170.

To the extent Fischer's argument is based on *Outlaw,* it has no merit. The *Outlaw* court dealt with sec. 905.10(3)(b), Stats., which "is concerned with the possibility that an informer has material evidence necessary to a fair trial." 108 Wis. 2d at 124, 321 N.W.2d at 152. Under sec. 905.10(3)(b), if it appears that an informer "may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case," then the judge must give the state an opportunity to show *in camera* whether the informer can supply that testimony. The *Outlaw* court held that sec. 905.10(3)(b) imposes only a

"minimal burden on a defendant" to show during a trial that an informer's testimony might be necessary for a fair determination of the guilt or innocence of the accused. *Id.* at 125–26, 321 N.W.2d at 153.

The disclosure statute pertinent to a suppression motion is sec. 905.10(3)(c), Stats. That statute provides in relevant part that:

> If information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, he may require the identity of the informer to be disclosed.

The burden on defendant imposed by sec 905.10(3)(c) for disclosure of an informer's identity is different from the burden imposed by sec. 905.10(3)(b).

■

Whether to grant a disclosure motion under sec. 905.10, Stats., is discretionary. *Outlaw,* 108 Wis. 2d at 128, 321 N.W.2d at 154. When moving for disclosure, the defense made no reference to sec. 905.10(3)(c) and did not request that the court declare whether it was satisfied that Z–1 was reasonably believed to be reliable and credible. "We will not overturn a discretionary ruling on a ground not brought to the trial court's attention." *State v. Boehm,* 127 Wis. 2d 351, 357, 379 N.W.2d 874, 877 (Ct. App. 1985).

*By the Court.*—Judgment affirmed.