STATE of Wisconsin, Plaintiff-Respondent,

v.

Roosevelt MANUEL, III, Defendant-Appellant.†

Court of Appeals

*No. 96–2427–CR. Submitted on briefs August 14, 1997.—Decided September 16, 1997.*

(Also reported in 570 N.W.2d 601.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David Ziemer* of Milwaukee. There was oral argument by *David Ziemer*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Marguerite M. Moeller,* assistant attorney general. There was oral argument by *Marguerite M. Moeller.*

Before Wedemeyer, P.J., Fine and Schudson, JJ.

SCHUDSON, J. Roosevelt Manuel, III, appeals from the judgment of conviction, following his no contest pleas, for two counts of armed robbery (concealing identity), party to a crime. He challenges his arrest. Manuel argues that the trial court erred in denying him a *Franks*[1] hearing at which he would have sought to establish that the detective who provided informa-

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

tion forming the basis for the arrest warrant recklessly omitted information that, if included, would have led the court commissioner to refuse to issue the warrant for lack of probable cause. Thus, he seeks the remand of this case for the trial court to hold a *Franks* hearing. We conclude that under some circumstances a *Franks* hearing may be appropriate to challenge the basis for an arrest warrant. We also conclude, however, that in this case Manuel failed to make the substantial preliminary showing necessary to gain a *Franks* hearing. Therefore, we affirm.

On October 18, 1995, Court Commissioner George W. Greene issued an arrest warrant for Manuel for the October 7, 1995 armed robbery (concealing identity) of a McDonald's restaurant. The warrant was based on a criminal complaint that provided factual allegations summarized by Milwaukee Police Detective Jeffrey Wiesmueller, referring to police reports prepared by three other detectives who had interviewed witnesses to the crime. The witnesses—a McDonald's cashier who was inside the restaurant, a maintenance man who was exiting the restaurant, and a citizen who was in the McDonald's parking lot—described the entry of two armed and masked men, their confrontations with the cashiers, the fatal shooting of one of the robbers by an elderly customer, and the identification of Manuel who fled.[2]

---

[2] Our summary of the complaint is essentially accurate but necessarily inexact as a result of the assistant district attorney's apparently careless drafting of the complaint. Replete with grammatical and syntactical errors affecting critical factual areas, the complaint renders considerable chronological and factual confusion. For example, relating the statement of William Hazelwood, the citizen in the parking lot who provided the identification of Manuel, the complaint, in part, states:

What the criminal complaint presented to the court commissioner did not state, however, was that another man, Priest Butler, had been arrested for the McDonald's crime. Because the second McDonald's robber had been fatally shot during the robbery, only one suspect remained at large. Manuel argues, therefore, that if the evidence leading to the arrest of Butler was far more substantial and reliable than that against him, disclosure of that evidence to the commissioner would have precluded a finding of probable cause to issue the arrest warrant.

In support of his argument in the trial court and on appeal, Manuel pointed to numerous factors that he contended were undisputed: (1) Butler had been arrested for the McDonald's crime *and remained in custody* at the time the commissioner issued the arrest warrant; (2) Mr. Hazelwood, the witness in the parking lot, identified the missing suspect as wearing "a brown or beige jacket," but the surveillance tape of the crime showed that the suspect was wearing a white and dark checkered shirt or jacket; (3) only Hazelwood identified Manuel, but two other witnesses identified Butler and did not identify Manuel; (4) Hazelwood stated that the robbers "entered the north entrance of the restaurant" but "VHS surveillance of the robbery clearly indicates that the armed robbery was perpetrated by persons

---

As they were going to the front counter Mr. Hazelwood stated that he then observed both of the people he had observed outside . . . enter the restaurant with a mask over their faces. That when he saw them outside they were not masked, and that they both had sawed off shotguns inside the restaurant. Mr. Hazelwood was shown a photo array and positively identified . . . Manuel as one of the men he saw outside the McDonald's. . . . He further stated that he is positive that this is the same person that entered the restaurant after Mr. Hazelwood viewed him outside without a mask with a mask over his face with a shotgun and robbed the McDonald's Restaurant at that time.

311

entering through the south door of the restaurant"; and (5) additional circumstantial evidence connected Butler to the crime and established "the implausibility of accusations against [Manuel] relative to the accusations against Priest Butler." Thus, Manuel argued, after "substantial non-custodial evidence had been methodically gathered[, o]ne long line of evidence pointed to suspect Priest Butler, and one short line pointed to Appellant."

At oral argument before this court, however, counsel for Manuel informed us that the lines had changed. He explained that Butler had been released from custody *prior* to the issuance of the arrest warrant for Manuel.[3] He also abandoned his argument regarding the door of entry, conceding that his appellate brief's characterization of Hazelwood's statement about the robbers' entry through "the north entrance" overstated what the complaint actually presented.[4] Nevertheless, while conceding that probable cause may exist to arrest more than one possible suspect even when only one

---

[3] Following oral argument, the parties submitted a stipulation to this court stating:

> The suspect, Priest Butler . . . was released from the Milwaukee County Jail on October 16, 1995, two days prior to Detective Wiesmueller's application for, and obtaining of, an arrest warrant for Appellant Roosevelt Manuel, III. Mr. Butler was released on a personal recognizance bond after being charged with possession of a short-barreled shotgun, unrelated to the armed robberies in this case.

[4] The complaint did not state that Hazelwood said he saw Manuel enter through the north entrance. It stated that Hazelwood said that he and a friend "parked on the north side of McDonald's parking lot within 20 feet of the north entrance of the restaurant." It then stated that after entering McDonald's, Hazelwood saw the robbers "enter the restaurant," but without specification of the door of entry.

suspect is at large, counsel for Manuel still maintained that under the unusual facts of this case, probable cause was so clear against Butler that it would have precluded probable cause to arrest Manuel.

In *Franks v. Delaware*, 438 U.S. 154 (1978), the United States Supreme Court held:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks,* 438 U.S. at 155–56. In *State v. Marshall*, 92 Wis. 2d 101, 284 N.W.2d 592 (1979), the Wisconsin Supreme Court "implicitly held a *Franks* hearing was applicable" not only to challenge the basis for a search warrant, but also to challenge misstatements forming the basis for a criminal complaint. *State v. Mann*, 123 Wis. 2d 375, 385, 367 N.W.2d 209, 213 (1985). Further, in *Mann*, a case in which a defendant sought a *Franks* hearing to challenge a complaint "on the ground certain facts were either intentionally or recklessly omitted," *Mann,* 123 Wis. 2d at 381, 367 N.W.2d at 211, our supreme court declared that "[t]here is nothing in

313

the *Franks* or *Marshall* decisions that would lead to the conclusion that the rule should not apply to specific and limited material evidentiary facts omitted from a search warrant affidavit." *Id.* at 386, 367 N.W.2d at 213. Thus, our supreme court concluded:

> Because we can find no real difference in effect between a false statement made knowingly and intentionally or with reckless disregard for the truth and a critical omission from the complaint, we hold the principles of *Franks* permit an attack on criminal complaints where there has been an omission of critical material where inclusion is necessary for an impartial judge to fairly determine probable cause.

*Id.* at 385–86, 367 N.W.2d at 213. Similarly, we read nothing in *Franks, Marshall*, or *Mann* to suggest that a *Franks* hearing would be any less available to a defendant who seeks to challenge critical omissions from a complaint establishing the basis for an arrest warrant. 

In some cases, including the instant one, the criminal complaint ultimately charging a defendant with a crime is drafted and filed after the arrest. That subsequent complaint often contains factual allegations different from and/or additional to those contained in the initial complaint presented to a judge or court commissioner to support an arrest warrant. In this case, for example, the second complaint charged Manuel not only with the McDonald's crime but also with a similar offense committed one month earlier at a Rent-A-Center Store. The complaint also contained Manuel's confession to both crimes, which was obtained during the interrogation following his arrest. Nevertheless, to authorize any restriction on an individual's liberty, the

complaint supporting an arrest warrant, no less than the complaint filed at the initial court appearance, must state probable cause. Thus, we conclude that the standards of *Franks*, *Marshall*, and *Mann* apply to a challenge to a complaint forming the basis for an arrest warrant.

A trial court's denial of a defendant's motion for a *Franks* hearing is subject to *de novo* review. *See State v. Fischer*, 147 Wis. 2d 694, 702, 433 N.W.2d 647, 650 (Ct. App. 1988). In *Fischer*, we noted that while *Mann* "extended the *Franks* procedure to impeach a warrant affidavit if a material fact has been omitted from it and if the omission is the equivalent of a deliberate falsehood or reckless disregard for the truth," *Fischer*, 147 Wis. 2d at 701, 433 N.W.2d at 650, "[t]hat extension does not reduce the requirement of *Franks* that the defendant make a 'substantial preliminary showing' in order to obtain a veracity hearing." *Id*.

Ordinarily, we would have to examine whether Manuel made a substantial preliminary showing in his motion to the trial court that "there has been an omission of critical material where inclusion is necessary for an impartial judge to fairly determine probable cause." *Mann*, 123 Wis. 2d at 385–86, 367 N.W.2d at 213. In this case, however, because of the significantly altered factual basis on which Manuel's motion now rests, we need not determine whether the trial court should have granted a hearing.[5] Clearly, on remand,

---

[5] We do note for the trial court's edification, however, that at least part of the basis for its refusal to hold a *Franks* hearing was incorrect. Explaining its denial of Manuel's motion, the trial court stated, in part, "As a matter of fact, the information that the police obtained from Mr. Hazelwood was, in fact, corroborated when they talked to the defendant who admitted that

Manuel would not be able to provide the substantial preliminary showing necessary to gain a *Franks* hearing.

In his reply brief to this court, Manuel's counsel asserted that this case presents "an extremely rare set of facts." He explained that "the simultaneous custody of . . . Butler . . . is of great significance" constituting "the primary factor entitling [Manuel] to a *Franks* hearing." Now, however, that primary factual premise has disappeared. At oral argument, however, counsel contended that despite Butler's release, and despite the abandonment of his trial court assertion that Hazelwood had incorrectly identified the robbers' door of entry, Manuel still had made the substantial preliminary showing. We disagree.

In *Mann*, the supreme court explained that "credibility determinations, the weighing of evidence, or the drawing of one of several inferences from a fact" are "considerations . . . outside the scope of a *Franks* hearing on a challenge to the face of a complaint." *Mann*, 123 Wis. 2d at 389, 367 N.W.2d at 215. Here, the fact that two witnesses identified Butler and one identified Manuel suggests nothing about the veracity or good faith of Detective Wiesmueller and the decision—whether the detective's or that of the assistant district attorney who drafted the complaint—to not include the statements of the witnesses who identified Butler. Any examination of the alleged "implausibility" of the evidence against Manuel and the alleged different description of the suspect's clothing would carry the trial court's analysis into the very kind of credibil-

---

he was one of the robbers." Manuel's admission, however, came during the interrogation following his arrest and, therefore, cannot be bootstrapped to form any part of the justification for the arrest warrant.

ity determination and evidence weighing that *Mann* forbids. *See id.*

Indeed, even accepting Manuel's argument that, in some cases, a substantial preliminary showing of recklessness may be inferred from the omission of information, *see United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980) ("It is possible that when the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself."), here the inference would be opposite that which Manuel proposes. After all, disclosure that Butler had been arrested *and released* would logically lead a judge or court commissioner to infer that police had arrested Butler based on evidence and two witnesses' identifications that proved less substantial than initially supposed and that, as a result, the police now gave greater credit to the identification of and evidence against Manuel.

Accordingly, we conclude that Manuel has not made the substantial preliminary showing that "there has been an omission of critical material where inclusion is necessary for an impartial judge to fairly determine probable cause," *Mann*, 123 Wis. 2d at 385–86, 367 N.W.2d at 213, and, therefore, he is not entitled to a *Franks* hearing.

*By the Court.*—Judgment affirmed.