DUGAN, J.[1]
¶1 The State appeals from the trial court's order that required that the State disclose the identity of a confidential informant (CI) to Robert Billings and the dismissal of the case.
¶2 The CI in question provided information that the State relied upon in its application for a search warrant for Billings' residence. While executing the search warrant, the police seized cocaine and Billings was subsequently charged with the possession of the cocaine.
¶3 On appeal, the State contends that the trial court erred in ordering the disclosure of the CI's identity. Specifically, it contends the trial court erred in finding the CI was a transactional witness because the CI was only involved in the issuance of the search warrant and was neither present, nor involved in the execution of the search warrant during which the cocaine was found. It also contends that the trial court erred in dismissing the action.
¶4 We conclude that the trial court erred in ordering the disclosure of the CI's identity. Therefore, we reverse and remand with directions to vacate the dismissal and for further proceedings consistent with this opinion.
BACKGROUND
¶5 On June 28, 2016, a Milwaukee County Circuit Court court commissioner found probable cause to issue a search warrant for evidence of possession of cocaine and possession of cocaine with intent to deliver at apartment three at 4819 West Hampton Avenue in Milwaukee (the apartment), occupied by "Rob."
¶6 The court commissioner relied upon the June 28, 2016 affidavit of Milwaukee police officer Paul Martinez (the Martinez affidavit), who averred that he had obtained the following information from the CI:
• That "Rob" lived in the apartment.
• That within the past seventy-two hours, under Martinez's direction, the CI made a controlled buy[2] of cocaine from Rob at the apartment.
• That the CI gave Rob a sum of money while in the apartment and Rob gave the CI a substance that Rob "represented" to be "[r]ock" (the street name for cocaine base).
• That the CI observed that when the exchange was completed Rob had retained an additional quantity of suspected cocaine in his possession.
• That within the past ten days the CI had been in Rob's apartment and had seen a firearm and suspected cocaine and that the CI made these observations in the apartment where Rob lives.
¶7 Martinez also averred that he believed the allegations of the CI were credible because:
• He knew that the CI had previously made more than ten successful controlled buys and those buys and the information provided by the CI had led to the execution of more than four search warrants, resulting in the recovery of at least five firearms, "numerous controlled substances," and charges against more than four persons.
• The CI had given him and other law enforcement officers information concerning drug trafficking in the Milwaukee area which he and other officers had been able to confirm by reviewing law enforcement agency files.
¶8 On June 29, 2016, Milwaukee police executed the search warrant for the apartment and recovered .49 grams of cocaine in three "corner cuts" and $ 294 in cash. The CI was neither present, nor involved in the execution of the search warrant.
¶9 On July 3, 2016, the State charged Billings with possession of cocaine in violation of WIS. STAT. § 961.41(3g)(c). The complaint alleges that in a "Mirandized interview," Billings stated that the cocaine was "his for personal use."[3]
¶10 On April 7, 2017, trial counsel filed a motion to compel disclosure of the identity of the CI. In the motion, trial counsel asserted that the Martinez affidavit established that the CI was a transactional witness. He further asserted that "the criminal complaint alleges that the cocaine in question was found in the residence but not on ... Billings' person." Trial counsel asserted that "[t]hus, the State is left with the task of proving that ... Billings knew of the cocaine's presence and that he intentionally exercised some degree of dominion and control over it." He then stated that "because the cocaine was not found on ... Billings' person, the totality of the circumstances surrounding the cocaine now make it more or less likely that ... Billings exercised dominion and control over the cocaine." He also asserted that Billings "need not demonstrate that the [CI's] testimony would be helpful to the defense." The State filed a response opposing the motion.
¶11 At a hearing on the motion on June 20, 2017, trial counsel presented a disjointed argument. Although he cited WIS. STAT. § 905.10(3)(b) as the basis for his motion, his argument would have been more appropriately based on WIS. STAT. § 905.10(3)(c), which is the basis for disclosing the identity of a CI when challenging the issuance of a search warrant. Trial counsel stated that in his affidavit in support of the search warrant, Martinez stated that the CI claimed to have purchased cocaine from Billings. He then argued that the CI "either participated in or witnessed a hand-to-hand transaction ... and/or was a transactional witness to ... Billings allegedly conducting a cocaine transaction" three days prior to the police finding the cocaine in Billings' apartment.
¶12 Throughout his argument to the trial court, trial counsel stated that Billings' defense was to challenge the search warrant. He stated, "Our defense is that we would potentially be challenging the search warrant and therefore a suppression of any evidence obtained in that search warrant." Trial counsel then explained that "We cannot determine whether or not there's reason to challenge that search warrant unless we hear the testimony of the [CI].... Again our theory would be that there was an illegal search[.]" He went on to state that "The issue is whether or not it's material to the case, which it is. Whether or not it would assist in the defense, which it would by allowing us to see if there is a challenge to the search warrant."
¶13 Trial counsel went on to explain that "we would not even get to the point of the arrest had the search warrant not been issued. So the search warrant is the basis of our defense, and the suppression of evidence is definitely material to the defense's case." He then argued that:
The [CI] would be able to testify that there was this cocaine also present within the residence. Because that cocaine was not found on [Billings'] person, the totality of the circumstances surrounding the cocaine makes it, I guess, either more likely or less likely that ... Billings exercised possession of it on three days later or two days later.
The material nature or the transactional nature is that the [CI] states he saw him in possession or control of it.
Trial counsel went on to state "That's material to the search warrant which is material to our defense" and "We're not talking about a jury. The defense we're speaking of is challenging the search warrant."
¶14 At the end of the hearing, the trial court asked trial counsel "what's the purpose of the defense for having this? Is it to be able to file not [sic] a frivolous motion to suppress or ... is it to be able to provide it to ... the jury?" Trial counsel responded, "At this point it would be to determine whether or not we should be filing a motion to suppress based on search warrant-an illegal search warrant. That's what our defense is at this point in time."
¶15 At a July 10, 2017 proceeding, the trial court issued a brief oral decision granting Billings' motion and ordering that the State disclose the CI's identity. The State requested a short adjournment and the trial court granted that request and scheduled a status conference.
¶16 At the subsequent status conference, the State advised the trial court that it needed to review transcripts of the prior hearing to determine if it would appeal the trial court's ruling and that it had requested the transcripts. The State then requested an adjournment. Trial counsel opposed any adjournment. He argued that the trial court gave the State some time to decide whether it would disclose the identity of the CI or, alternatively, dismiss the case. The State told the trial court that it was not disclosing the identity of the CI at the hearing.
¶17 The trial court then stated:
I issued the order and it's set for status today. Defense has moved to dismiss based on the fact that there's not been a revelation, and the [S]tate hasn't really explained why they need the transcripts to make that decision, which was 11 days ago. So I'm gonna grant the defense's motion.
¶18 Subsequently, the trial court entered a written order that granted the motion for disclosure of the CI's identity and dismissed the action. This appeal followed.
DISCUSSION
¶19 On appeal, the State contends that the trial court erred in ordering disclosure of the CI's identity. It also contends that the trial court erred in dismissing the case.
Standard of Review
¶20 A trial court's determination as to whether to order disclosure of a CI's identity pursuant to WIS. STAT. § 905.10(3)(b), is reviewed under the erroneous exercise of discretion standard. See State v. Outlaw , 104 Wis. 2d 231, 243-44, 311 N.W.2d 235 (Ct. App. 1981), aff'd , 108 Wis. 2d 112, 321 N.W.2d 145 (1982). Whether a defendant made a preliminary evidentiary showing that was sufficient for an in camera review raises a question of law that we review de novo . See State v. Nellessen , 2014 WI 84, ¶14, 360 Wis. 2d 493, 849 N.W.2d 654. We review a trial court's factual findings as to whether an in camera hearing is warranted under a clearly erroneous standard. See id.
¶21 "A [trial] court properly exercises its discretion if it 'employs a logical rationale based on the appropriate legal principles and facts of record.' " Village of Shorewood v. Steinberg , 174 Wis. 2d 191, 204, 496 N.W.2d 57 (1993) (citation omitted). "Discretion is not synonymous with decision-making. Rather, the term contemplates a process of reasoning. This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." State v. Vanmanivong , 2003 WI 41, ¶15, 261 Wis. 2d 202, 661 N.W.2d 76 (citations omitted). "A decision which on its face demonstrates no consideration of any of the factors upon which the decision should be properly based constitutes an [erroneous exercise] of discretion as a matter of law."[4] Outlaw , 104 Wis. 2d at 244.
I. The trial court applied the wrong legal standard for disclosing the identity of the CI involved in issuance of the search warrant
¶22 The State contends that the trial court erred because it relied upon the wrong legal standard in ordering disclosure of the identity of the CI who provided information in support of the search warrant.
A. Billings' sole basis for requesting the identity of the CI was to determine if the search warrant was illegal
¶23 As noted above, trial counsel argued that the only reason he was requesting disclosure of the identity of the CI, was to determine whether or not Billings should file a motion to suppress based on an illegal search warrant. He stated, "That's what our defense is at this point in time." Throughout his oral argument in support of his motion, trial counsel argued that Billings' defense was based on the search warrant. In his argument, he stated, "Our defense is that we would potentially be challenging the search warrant;" "[w]e cannot determine whether or not there's a reason to challenge that search warrant unless we hear the testimony of the [CI];" "Again, our theory would be that there was an illegal search;" and, "we would not even get to the point of the arrest had the search warrant not been issued. So the search warrant is the basis of our defense."
¶24 Even when he asserted that "[b]ecause that cocaine was not found on his person, the totality of the circumstances surrounding the cocaine makes it, I guess , either more likely or less likely that ... Billings exercised possession of it on three days later," trial counsel stated, "That's material to the search warrant which is material to our defense, and that's all we have to prove." (Emphasis added.) The fact that trial counsel asserted in his motion that Billings did not need to show that the CI's testimony would be helpful to the defense, demonstrates that he was not requesting that the CI's identity be disclosed pursuant to WIS. STAT. § 905.10(3)(b). Pursuant to that subsection of the statute, the defendant must show that a CI may be able to provide testimony necessary to the defense. See Vanmanivong , 261 Wis. 2d 202, ¶32.
¶25 The record shows that Billings' sole reason for requesting the identity of the CI was to determine if the search warrant was illegal. When the trial court asked if the purpose for asking for the CI's identity was so that trial counsel would not file a frivolous motion or for a jury to hear the CI's testimony, trial counsel stated that the request was to determine whether the search warrant was illegal because at that point in time, the legality of the search warrant was the only defense.
B. WISCONSIN STAT. § 905.10(3)(c) not § WIS. STAT. § 905.10(3)(b) applies to a CI involved in the issuance of a search warrant
¶26 WISCONSIN STAT. § 905.10 governs circumstances in which the identity of a CI may be disclosed. In general, the State has a privilege to protect the identity of a CI. See id. An exception to the privilege is found in WIS. STAT. § 905.10(3)(c) which, in relevant part, provides:
(c) Legality of obtaining evidence. If information from [a CI] is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from [a CI] reasonably believed to be reliable or credible, the judge may require the identity of the [CI] to be disclosed. The judge shall on request of the ... [S]tate ... direct that the disclosure be made in camera . All counsel and parties concerned with the issue of legality shall be permitted to be present at every stage of proceedings under this subdivision except a disclosure in camera at which no counsel or party shall be permitted to be present.
(Italics added to in camera .)
¶27 In State v. Fischer , 147 Wis. 2d 694, 703, 433 N.W.2d 647 (Ct. App. 1988), this court explained that "the disclosure statute pertinent to a suppression motion is [ WIS. STAT. §] 905.10(3)(c)." (Emphasis added.) Furthermore, § 905.10(3)(c) imposes a different burden upon a defendant to obtain the disclosure of a CI's identity than does WIS. STAT. § 905.10(3)(b). See Fischer , 147 Wis. 2d at 703.
C. Billings never argued to the trial court or this court that there was any reason to believe that the CI was not credible or reliable
¶28 Billings' motion for disclosure of the CI did not cite WIS. STAT. § 905.10(3)(c) or Fischer . Furthermore, at no time during the hearing on the motion for disclosure did Billings cite § 905.10(3)(c) or Fischer . Moreover, pursuant to § 905.10(3)(c), before a judge may require that the identity of a CI be disclosed, the judge must not be satisfied that the CI was reasonably believed to be reliable or credible.
¶29 Billings did not argue that there was any basis to believe that the CI was unreliable or not credible as a basis for disclosure. He did not ask the trial court to declare whether it was satisfied that the CI was reliable and credible. See Fischer , 147 Wis. 2d at 703. Billings simply argued that "[w]e cannot determine whether or not there's a reason to challenge the search warrant unless we hear the testimony of the [CI]." He asserted that he wanted to find out whether the CI, "number one, exists. Number two, is credible. And, number three, if the [CI's] testimony would be credible as to ... Billings allegedly selling cocaine within the 72 hours prior of this search warrant being obtained." In making this argument, Billings offered no facts or theory that might call into question the information in the affidavit establishing that the CI was credible and reliable or that the information the CI provided did not establish probable cause for issuance of the search warrant.
¶30 Similarly, Billings' appellate briefs do not rely on WIS. STAT. § 905.10(3)(c). A footnote in Billings' appellate brief states that trial "[c]ounsel also argued that the identity of the [CI] would allow him to determine whether to challenge the search warrant.... This argument was not well developed by [trial] counsel, and the [trial] court did not rely on this argument in its decision." Thus, Billings acknowledges that any argument under § 905.10(3)(c) before the trial court was not developed.
¶31 On appeal, Billings also fails to develop an argument that he was entitled to disclosure of the CI's identity under WIS. STAT. § 905.10(3)(c). We will not develop an argument for him. See Industrial Risk Insurers v. American Eng'g Testing, Inc. , 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 (stating "we will not abandon our neutrality to develop arguments" for the parties).
D. Trial Court Error
¶32 "A [trial] court properly exercises its discretion if it 'employs a logical rationale based on the appropriate legal principles and facts of record.' " Steinberg , 174 Wis. 2d at 204 (citation omitted). "Discretion is not synonymous with decision-making. Rather, the term contemplates a process of reasoning. This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." Vanmanivong , 261 Wis. 2d 202, ¶15 (citations omitted). "A decision which on its face demonstrates no consideration of any of the factors upon which the decision should be properly based constitutes an [erroneous exercise] of discretion as a matter of law." Outlaw , 104 Wis. 2d at 244.
¶33 Based upon its short oral decision and its brief written order, we cannot discern what facts the trial court relied on in reaching its decision and what its rationale was for its decision. The trial court did not cite either WIS. STAT. §§ 905.10(3)(b) or (3)(c) as support for its decision. Although it cited Outlaw , it did not explain how it applies to its decision. We conclude that on its face, the trial court's decision demonstrates no consideration of any of the factors upon which the decision should be properly based. Therefore, it constitutes an erroneous exercise of discretion as a matter of law.
II. If it did so, the trial court erred as a matter of law in finding that Billings was entitled to disclosure under WIS. STAT. § 905.10(3)(b)
¶34 The State argues that the trial court erred as a matter of law in ordering that the State disclose the CI's identity under WIS. STAT. § 905.10(3)(b). If the trial court did order disclosure pursuant to that statute, we agree that it erred in doing so.
¶35 WISCONSIN STAT. § 905.10(3)(b), as relevant in this case, provides:
(b) Testimony on merits . If it appears from the evidence in the case or from other showing by a party that [a CI] may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case ... to which ... a [S]tate ... is a party, and ... a [S]tate ... thereof invokes the privilege, the judge shall give ... a [S]tate ... an opportunity to show in camera facts relevant to determining whether the [CI] can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits but the judge may direct that testimony be taken if the judge finds that the matter cannot be resolved satisfactorily upon affidavit. If the judge finds that there is a reasonable probability that the [CI] can give the testimony, and ... a [S]tate ... elects not to disclose the [CI]'s identity, the judge on motion of the defendant in a criminal case shall dismiss the charges to which the testimony would relate, and the judge may do so on the judge's own motion.
(Italics added to in camera .) Although § 905.10(3)(b) is a Wisconsin rule and is grounded in Wisconsin precedent, it is consistent with the reasoning of the seminal United States Supreme Court case, Roviaro v. United States , 353 U.S. 53, (1957). See State v. Outlaw , 108 Wis. 2d 112, 121, 321 N.W.2d 145 (1982). "[A] motion to compel disclosure of a [CI's] identity must be grounded in the facts and circumstances of the case." Nellessen , 360 Wis. 2d 493, ¶23.
¶36 The following procedures are to be applied by Wisconsin trial courts when determining whether a CI's identity should be disclosed pursuant to WIS. STAT. § 905.10(3)(b) :
Once a defendant has made an initial showing that there is a reasonable probability that [a CI] may be able to give testimony necessary to the fair determination of the issue of guilt or innocence, the [S]tate has the opportunity to show, in camera , facts relevant to determining whether or not the [CI] can, in fact, provide such testimony. If, and only if, the court determines that [a CI]'s testimony is necessary to the defense in that it could create a reasonable doubt of the defendant's guilt in jurors' minds, must the privilege give way.
Vanmanivong , 261 Wis. 2d 202, ¶32 (italics added). "Necessary" to the defense as used in the statute means that "the evidence must support an asserted defense to the degree that the evidence would create reasonable doubt." Id. , ¶24.
¶37 In Nellessen , 360 Wis. 2d 493, ¶30 n.11, the Wisconsin Supreme Court clarified that "at the initial stage of a request for disclosure of [a CI]'s identity, the defendant must show that [a CI] may be able to provide testimony necessary to the defense." Id. "If the defendant meets this burden, an in camera review must be provided, which can be conducted by affidavits or testimony." Id. (italics added). "Following the hearing, the judge must determine if there is a 'reasonable probability' that the [CI] will have testimony necessary to the defense." Id. "If so, the [CI]'s identity must be disclosed, or the charges related to the testimony must be dismissed." Id.
¶38 Here, as we previously stated, Billings told the trial court that his only reason for requesting the identity of the CI was to determine if the search warrant was illegal. When given a chance to assert that the CI's identity was necessary to Billings' defense before a jury, trial counsel stated that the CI's identity was only necessary to determine if the search warrant was illegal.
¶39 On appeal postconviction counsel asserts that Billings' defense was that he lacked knowledge of the cocaine and did not exercise control over it. However, as noted above, Billings never made that argument before the trial court. "The general rule is that issues not presented to the [trial] court will not be considered for the first time on appeal." State v. Caban , 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997).
¶40 However, to be complete, we will address the argument. In doing so, we conclude that the CI was not a transactional witness to the charge of possession of cocaine and that Billings fails to show that there is a "reasonable possibility" that the CI might have information necessary to his defense. See Nellessen , 360 Wis. 2d. 493, ¶25.
A. Billings did not show that the CI was a transactional witness
¶41 Here, Billings describes the CI as a transactional witness. Although Billings refers to the CI as a transactional witness, we are not bound by that label. Here, the charge against Billings was based on the cocaine found when the police executed the search warrant at the apartment. The CI was not present during that search. The CI was not a transactional witness in that he neither participated in, nor witnessed the execution of the search warrant at Billings' apartment, which resulted in Billings being charged with possession of cocaine. Compare Outlaw , 104 Wis. 2d at 239-42.
¶42 Moreover, Billings has not made a showing comparable to that made in Roviaro , 353 U.S. at 64, where the CI was the sole participant, other than the accused, in the drug transaction charged and the CI was the only witness in a position to amplify or contradict the testimony of the government witnesses. See id. Billings only suggests that the CI could testify about what the CI observed relative to Billings' dominion and control of the cocaine during his controlled buy of cocaine from Billings sometime during the three days preceding the June 28, 2016 issuance of the search warrant. We conclude that Billings has not shown that the CI is a transactional witness to the cocaine being found in Billings' apartment, which resulted in him being charged with possession of cocaine.
B. Billings did not show that there was a reasonable possibility the CI might have information necessary to his theory of the defense
¶43 Billings did not show that there was a reasonable possibility the CI might have information necessary to his now alleged theory of defense that he lacked knowledge of the cocaine and did not exercise control over it. See Nellessen , 360 Wis. 2d 493, ¶25. In support of this argument, trial counsel states that the CI would be able to testify that cocaine was also present in the apartment and that, because the cocaine was not found on Billings' person, the totality of the circumstances made it more or less likely that Billings exercised possession of cocaine two or three days later. However, in the words of WIS. STAT. § 905.10(3)(b), Billings did not explain how any information that the CI could provide established there is a reasonable probability "that [a CI] may be able to give testimony necessary to a fair determination of the issue of guilt or innocence." See id. at ¶21.
¶44 The Martinez affidavit shows that the CI told Martinez that he/she went to Billings' apartment, gave Billings the controlled buy money that the police gave him/her, and Billings gave him/her cocaine. Additionally, in his interview, Billings told police that the cocaine was his for personal use. Billings admitted that he owned the cocaine that he was charged with possessing. Billings has not explained how, particularly given his admission of ownership of the cocaine, the CI's testimony regarding his/her controlled buy of cocaine from Billings seventy-two hours prior to the issuance of the search warrant would help Billings' defense to the charge that he possessed cocaine on June 29, 2016. In other words, Billings did not show that there was "a reasonable possibility" that the CI might have information necessary to his defense. See Nellessen , 360 Wis. 2d 493, ¶25.
¶45 "Information that does not support the defense's theory is not helpful to the defense and cannot be essential to a fair determination of the cause from the defense perspective." Vanmanivong , 261 Wis. 2d 202, ¶28. We conclude that Billings did not show that the CI had any information that was necessary to his defense.
C. Trial court error
¶46 "[A] defendant must show that [a CI]'s testimony is necessary to the defense before a court may require disclosure." See id. , ¶24 (emphasis added, citation omitted) Based upon the trial court's short oral decision and its brief written order, we cannot discern what facts the trial court relied on in reaching its decision and what its rationale was for its decision. The trial court did not cite WIS. STAT. § 905.10(3)(b) as support of its decision. Although it cited Outlaw , it did not explain how it applied to its decision.
¶47 The trial court simply stated that
The defense has already established that it would be hampered without being provided with that [CI] because of the nature of the-the question of where the cocaine was found and why they even had a basis, whether or not the person was present for transactional purposes, whether the [identification] was the same.
There's all sorts of information that would require that [CI]-Because this was an entry into the house, based on information provided to the [CI] and the seizure, as the defense points out, nothing was found on [Billings] at the time. It was in the location and that does change. If something had been found on him, there would not necessarily need to be this relation. Now the burden shifts to the [S]tate to determine what it wants to do.
....
But there's a lot of consistency with the fact pattern in Outlaw .... And on balance-in balancing the interest of the [S]tate with the right to prepare a defense, and the defense has established distinguishing features here that makes this a transaction-it could make it a transactional, and therefore I'm granting their [sic] motion.
¶48 "A [trial] court properly exercises its discretion if it 'employs a logical rationale based on the appropriate legal principles and facts of record.' " Steinberg , 174 Wis. 2d at 204 (citation omitted). "A decision which on its face demonstrates no consideration of any of the factors upon which the decision should be properly based constitutes an [erroneous exercise] of discretion as a matter of law." Outlaw , 104 Wis. 2d at 244.
¶49 We conclude that on its face, the trial court's decision demonstrates no consideration of any of the factors upon which the decision should be properly based. Therefore, it constitutes an erroneous exercise of discretion as a matter of law.
¶50 To assist trial courts in properly applying WIS. STAT. § 905.10, we also note that the trial court erred as a matter of law when it immediately granted Billings' motion for disclosure of the identity of the CI in its oral decision on July 10, 2017. Because Billings never met his burden at the initial stage of his request for disclosure of the CI's identity that the CI may be able to provide testimony to the defense, there was no need for the State to show, in camera , facts relevant to determining whether or not the CI can, in fact, provide such testimony. Moreover, the trial court's order conflicts with WIS. STAT. § 905.10(3)(b), which explicitly states that if the defendant meets his or her burden of proof then "the judge shall give ... a [S]tate ... an opportunity to show in camera facts relevant to determining whether the [CI] can, in fact, supply that testimony." (Italics added.) See also , Nellessen , 360 Wis. 2d 493, ¶30 n.11. If Billings had met his burden at the initial stage, the trial court erred in failing to provide the State the opportunity to make such a showing.[5]
CONCLUSION
¶51 We conclude that the trial court erred in ordering disclosure of the CI's identity. Therefore, we reverse and remand with directions to vacate the dismissal and for further proceedings consistent with this opinion.
By the Court. -Order reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.
This court and the trial court judge have the same surname. However, there is no familial relationship between this court and the trial court judge.

The Martinez affidavit describes the following protocol for the controlled buy: the affiant searched the person and clothing of the CI and found no money or controlled substances; the affiant gave the CI money, watched the CI enter the residence, and saw the CI walk out of the residence a few minutes later and return directly to the affiant; the CI then gave the affiant a quantity of cocaine and related the circumstances of the purchase; and the affiant searched the CI and found no money or controlled substances on the CI's clothes or person.

The phrase "Mirandized interview" is a reference to Billings having been advised of his rights prior to the interview as required by Miranda v. Arizona , 384 U.S. 436, 445-46 (1966).

We have substituted the phrase "erroneous exercise of discretion" for "abuse of discretion." See City of Brookfield v. Milwaukee Metro. Sewerage Dist. , 171 Wis. 2d 400, 423, 491 N.W.2d 484 (1992). Although the phrasing has changed, the standard to be applied remains the same. See id.

We note that Billings argues that the State forfeited its opportunity for an in camera review under Wis. Stat. § 905.10(3)(b). In his argument, Billings cites State v. Outlaw , 108 Wis. 2d 112, 126, 321 N.W.2d 145 (1982), for the proposition that "[i]f [the State] foregoes this opportunity [for in camera review], the judge ... can order disclosure and, in absence of disclosure ... dismiss the case." However, Billings ignores the court's cite to the statutory language that "[t]he judge shall give the ... [S]tate ... an opportunity to show in camera facts relevant to determining whether the [CI] can, in fact, supply that testimony[.]" Id. (italics added).