STATE of Wisconsin, Plaintiff-Appellant-Petitioner,

v.

John C. MANN, Defendant-Respondent.

Supreme Court

*No. 84–044–CR. Argued April 3, 1985.—Decided May 9, 1985.*

(Also reported in 367 N.W.2d 209.)

376

For the plaintiff-appellant-petitioner the cause was argued by Michael R. Klos, assistant attorney general, with whom on the briefs was Bronson C. La Follette, attorney general.

For the defendant-respondent there was a brief and oral argument by *Glenn L. Cushing,* assistant state public defender.

STEINMETZ, J.   There are three issues in this case. The first is whether a hearing, as mandated by *Franks v. Delaware,* 438 U.S. 154 (1978), for a search warrant challenge should appropriately be held in the context of a challenge to a criminal complaint. Secondly, can the *Franks* remedy apply to a situation where the prosecution is alleged to have intentionally or recklessly omitted material facts from the criminal complaint as contrasted to allegedly having included misrepresentations in a criminal complaint. Thirdly, did this criminal complaint, if modified by the omitted evidence adduced at the *Franks* hearing, state probable cause to believe that the defendant violated his statutory duty to remain at the accident scene and fulfill the obligations imposed on him by sec. 346.67(1)(a), (b) and (c), Stats.[1]

---

[1] Sec. 346.67, Stats., provides as follows:

**"346.67  Duty upon striking person or attended or occupied vehicle.**  (1) The operator of any vehicle involved in an accident resulting in injury to or death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the following requirements:

"(a) He shall give his name, address and the registration number of the vehicle he is driving to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

"(b) He shall, upon request and if available, exhibit his operator's license to the person struck or to the operator or occupant of or person attending any vehicle collided with; and

"(c) He shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician,

The original criminal complaint was drafted by the district attorney and signed by Trooper Schroeder. It was filed on February 21, 1983, at which time the defendant made his initial appearance. Bond was set and the defendant requested a preliminary hearing to be held within ten days. On March 3, 1983, the date set for the preliminary hearing, the defendant waived his statutory right to a preliminary hearing in exchange for an opportunity to have his attorney examine all witness statements and reports contained in the district attorney's file. A day later, the district attorney filed the original information and defense counsel filed a demand for discovery and inspection pursuant to secs. 971.23, 971.24 and 971.25, Stats.

The defendant was arraigned on March 23, 1983. He pled not guilty and dates were set for a status conference and jury trial. That same day, Frank Sezemsky, the victim of the accident, died as a result of injuries sustained in the February 15, 1983, accident with an automobile operated by the defendant. On March 30, 1983, defense counsel, having reviewed the district attorney's files, filed a motion to dismiss the complaint on the ground that the facts set forth in the police reports failed to establish the defendant violated sec. 346.67(1), Stats. Specifically, the defendant alleged:

"On February 15, 1983, at 3:15 p.m., there was an automobile accident caused when the alleged victim Frank Sezemsky, who was travelling west bound, did not stop for a control (stop sign) and thus was collided with by the defendant. The defendant's car came to rest on the southwest corner of the intersection. The defendant then left his car, went into the house where his car came to rest. He asked the couple who were living there to call the ambulance and police. After

surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

he left the residence, Officer Wally Landry was already on the scene administering first aid to the victim, Frank Sezemsky.

"Further the emergency reports filed concerning Mr. Sezemsky do not show any injuries that the defendant would have been capable of diagnosing and/or treating. Your affiant would state on information and belief, therefore, that the defendant did all in his power to meet his obligation of either rendering aid or securing aid to one injured in an accident pursuant to section 346.67(1)(c)."

On May 4, 1983, because the victim had died, the district attorney filed an amended information charging the defendant with leaving the scene of an accident in which the death of a person resulted. On May 13, 1983, defense counsel filed a motion to dismiss on grounds: the amended information lacked probable cause, no amended criminal complaint had been issued against the defendant, and no preliminary hearing had been held with respect to that amended information.

At the status conference on July 14, 1983, the defendant demanded a preliminary hearing because an amended information had been filed. The trial court remanded the case for a preliminary hearing and directed the state to file an amended complaint. On July 28, 1983, the state filed an amended criminal complaint, drafted by an assistant district attorney and signed by Trooper Schroeder. The amended complaint alleged that the defendant left the scene of an accident involving death, in violation of sec. 346.67(1)(a), (b) and (c), Stats. Section 346.74 provides graduated penalties for a violation of sec. 346.67, depending on whether the victim was injured, suffered great bodily harm or died. The amended complaint copied the contents of the original and only modified the language to reflect that the victim had died.

Subsequently, on August 12, 1983, the defendant filed a motion to dismiss based on the insufficiency of the

complaint and requested a hearing pursuant to *Franks v. Delaware* on the ground certain facts were either intentionally or recklessly omitted from the complaint. The defendant claimed that if those facts had been made part of the complaint, probable cause that the defendant left the scene prior to the rendering of assistance would not have been established. The defendant also filed a motion to dismiss and a memorandum of law on the question of whether sec. 346.67(1)(a) and (b), Stats., is unconstitutionally vague. This motion is not before this court since it has not been ruled on in the trial court. On August 17, 1983, a preliminary hearing was held and the court reset a date for hearing defendant's motions.

At an evidentiary hearing on October 10, 1983, the defense filed three exhibits taken from the district attorney's file to support its claim that the state knowingly or with reckless disregard for the truth omitted material facts in the amended criminal complaint.

The first exhibit is an accident report filed by a Trooper Reis. It states that on February 15, 1985, at approximately 3:20 p.m., she received a dispatch instructing her to proceed to an automobile accident at the intersection of Highway 31 and County Trunk Q. She arrived at the accident scene and was told that a car had left the area with a possible hit-and-run driver in it as a passenger. Trooper Reis states she spoke with a woman who lived in a house on the property where one of the vehicles came to rest. The woman stated that the driver of one of the vehicles came to her door and asked that an ambulance be called. She described the man as five feet eight inches, 160–165 pounds, dark haired and clean looking. She added he appeared dazed and excited.

A woman who identified herself as Ms. V. Babel told Trooper Reis that she lived five houses away from the accident scene. Ms. Babel arrived at her house just

after the accident occurred. A man approached her and explained that he had been hitchhiking when he witnessed the accident. The man explained that the incident had caused him to be excited and nervous and asked if Ms. Babel would give him a ride. Ms. Babel told Trooper Reis that she drove the man to Timber Ridge Road and 125th Street where he got out of the car. She described the man as five feet ten inches, kind of heavy, dark hair, blue or green eyes, bushy mustache and wearing a brown jacket with sheepskin lining, brown belt, blue jeans and hiking boots. Trooper Reis subsequently determined from the vehicle license plates that one of the automobiles belonged to an individual named Michael Houlette. Trooper Reis stated that before being asked any questions Houlette stated that if it had anything to do with his car, he had reported it stolen. Michael Houlette denied any knowledge of the accident and told Trooper Reis that at approximately 3:50 p.m. (approximately 20 minutes after the accident) he had reported to the police that his car had been stolen. Michael Houlette voluntarily returned with the trooper to the house of the first witness. The first witness stated Houlette was not the man who came to her door and asked that an ambulance be called. The record is silent as to whether Houlette was presented to the second witness for identification.

Defense exhibit 2 is a statement given by the defendant to Trooper Turner on February 17, 1983, at which time the defendant surrendered himself to police. The defendant admits driving one of the vehicles involved in the accident. The defendant stated that he ran to the corner house and called the police. When he left the house a state patrol vehicle was already at the accident scene. He was in a state of shock and did not remember leaving. He just went home.

Defense exhibit 3 is a memorandum written by Trooper Barnes and addressed to the district attorney. Trooper

Barnes stated that he interviewed a woman who lived in the corner house at the intersection where the accident occurred. The woman told Trooper Barnes that a man had come to her door and told her that a Volkswagen had just run a stop sign and that she should call the sheriff's department.

On November 23, 1983, the Kenosha county circuit court, the Honorable Michael S. Fisher, relying on information received during the evidentiary hearing of October 10, 1983, granted the defendant's motion to dismiss based upon the insufficiency of the complaint and held that the state recklessly omitted certain facts which had they been included would have resulted in a lack of probable cause on the face of the complaint that the crime charged had been committed. The court stated that to leave that information out is misleading and unfair and prevents the judge from making an impartial determination on the question of probable cause. The trial court found the state's failure to include the following portion of the defendant's statement relating directly to the elements of the crime charged constituted an intentional and knowing omission of a material fact: "I then ran to the corner house and called police. A state patrol was there when I got out of the house." The trial court also concluded that if the criminal complaint had included the omitted material fact, it would fail to provide a basis for finding probable cause to believe the defendant violated sec. 346.67(1)(a), (b), and (c), Stats. The court stated the defendant's other motions, including the one alleging the statute is unconstitutionally vague, were moot and therefore would not be decided.

The state appealed to the court of appeals which affirmed the trial court.[2] The court of appeals ruled that there was no probable cause to find a violation of sec.

---

[2] *State v. Mann*, 120 Wis. 2d 629, 357 N.W.2d 9 (Ct. App. 1984).

346.67(1)(a) and (b), Stats., because it would be a futile gesture to give a name, address and vehicle registration to an unconscious person. The court of appeals also ruled that there was no probable cause to find a violation of sec. 346.67(1)(c), because the defendant had fulfilled his statutory obligation to remain at the scene of the accident and provide reasonable assistance. The court concluded the defendant provided reasonable assistance because the only reasonable inference from the omitted facts was that the defendant asked a woman to summon help and he did not flee from the scene until the police arrived. Due to our holding, we state these analyses without comment. The meaning of the statutory provisions are only indirectly before us, and we are not presented with the defendant's motion challenging the unconstitutional vagueness of sec. 346.67.

The question of the recognition of a *Franks* hearing in Wisconsin and the breadth and extent and application of such hearing are issues of law subject to an independent review on appeal.

## 1. CRIMINAL COMPLAINT *FRANKS* HEARING

The United States Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 155–56, stated the following:

"[W]e hold that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

We discussed the application of the *Franks* rule to a criminal complaint in *State v. Marshall,* 92 Wis. 2d 101, 284 N.W.2d 592 (1979). In *Marshall* at 111–12, this court stated:

"Traditionally, this inquiry, with respect to the sufficiency of the complaint, has been limited to the factual allegations contained within the four corners of that document. . . .
"Within the last decade, however, a number of courts began to move away from a strict application of the 'four-corners' test when the truthfulness of an affiant's statements supporting an application for a search warrant was called into question."

In *Marshall* the defendant alleged the complaint was based on information from a person who was later shown by polygraph examinations to be unreliable. Therefore, the defendant argued the *Franks* rule should apply not only to supporting affidavits for search warrants but also to criminal complaints. The court implicitly held a *Franks* hearing was applicable, but since the misstatements were made by a witness and not the affiant, no hearing was required.

## II.  *FRANKS* REMEDY TO MATERIAL OMISSIONS

The defendant in the instant case would extend the *Franks* rule adopted favorably in *State v. Marshall* to include more than false astatements in a criminal complaint but also omitted facts of a specific and limited kind known by the prosecutor at the time the complaint is drawn that arguably may bear on the defendant's guilt. Because we can find no real difference in effect between a false statement made knowingly and intentionally or with reckless disregard for the truth and a critical omission from the complaint, we hold the principles of *Franks* permit an attack on criminal complaints where there has been an omission of critical ma-

terial where inclusion is necessary for an impartial judge to fairly determine probable cause.

There is nothing in the *Franks* or *Marshall* decisions that would lead to the conclusion that the rule should not apply to specific and limited material evidentiary facts omitted from a search warrant affidavit.[3] In *Franks* the court demonstrated the limit of its holding to "allegations of deliberate falsehood or of reckless disregard for the truth . . . Allegations of negligence or innocent mistake are insufficient." 438 U.S. at 171.

"Our reluctance today to extend the rule of exclusion beyond instances of deliberate misstatements, and those of reckless disregard, leaves a broad field where the judge is the sole protection of a citizen's Fourth Amendment rights, namely, in instances where police have been merely negligent in checking or recording the facts relevant to a probable-cause determination." 438 U.S. at 170.

In the context of criminal complaints, we are not concerned with the intent of the complainant. The distinction in *Franks* between statements made "deliberately" or "recklessly" and statements made "negligently" or "innocently" highlights the fact that the *Franks* court was not solely concerned with the nature

---

[3] In part, the *Franks* court stated:

"In deciding today that, in certain circumstances, a challenge to a warrant's veracity must be permitted, we derive our ground from language of the Warrant Clause itself, which surely takes the affiant's good faith as its premise: '[N]o Warrant shall issue, but upon probable cause, supported by Oath or affirmation . . . .' "

The *Franks* court then went on, quoting Judge Frankel to state: " '[W]hen the Fourth Amendment demands a factual showing sufficient to comprise "probable cause," the obvious assumption is that there will be a *truthful* showing' (emphasis in original)." 438 U.S. at 164–65. We believe Judge Frankel's remark equally applies to the showing required for probable cause in the context of the criminal complaint.

or kind of statement, but with the motivation of the affiant as well. Innocent or negligent misstatements in search warrant affidavits do not require a *Franks*-type suppression hearing as is required in cases of recklessness and deliberateness in search warrant affidavits. In *Franks*, the court was concerned with whether to impose the court-made sanction of suppression in instances of deliberate or reckless misstatements in affidavits for search warrants. Arguably, the imposition of finding deliberateness or recklessness comports with the policies behind suppression of evidence obtained in the application of search warrants, namely, to deter such conduct in the future.

In the *Franks* context of search warrants, the misrepresentations of the affiant are removed from the search warrant application and if probable cause therefore does not exist independently, the effect and sanction is the exclusion of the seized evidence. Such exclusion may nullify the prosecution. In the *Franks* context of a criminal complaint, the misrepresentations of the complainant are removed from the complaint or the qualified omitted facts are inserted, and if probable cause does not exist independently, the effect and sanction is the dismissal of the complaint. This dismissal would not prohibit the reissuance of the complaint that properly states probable cause. Therefore, we see no reason to justify burdening the trial courts with the requirement of finding deliberateness, recklessness, innocence, or negligence in regard to challenging criminal complaints, as long as the misstatements or omissions are shown to be critical to a probable cause determination and where, in the context of a criminal complaint, suppression of evidence is not involved as is the practice regarding evidence seized pursuant to a defective *Franks* search warrant.

As opposed to misstatements in a complaint, omitted facts have to be undisputed, capable of single meanings and critical to a probable cause determination. For an omitted fact to be the equivalent of "a deliberate falsehood or a reckless disregard for the truth,"[4] it must be an undisputed fact that is critical to an impartial judge's fair determination of probable cause. Its absence from the face of the complaint must prevent the judge from fairly and impartially making such decision. Its presence on the face of the complaint must prevent the judge from finding probable cause to believe the defendant committed the crime charged. The defendant must bear the burden in a *Franks* hearing by showing with a preponderence of evidence that a fact in the complaint is untrue or that a fact critical for a fair decision which is known by the state has been omitted.

As the *Franks* court advised: "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." 438 U.S. at 171. Here, to mandate an evidentiary hearing, there must be allegations that facts are untrue or qualified facts are omitted. These allegations must be stated in an affidavit or offer of proof which identifies the misstatements or what has been omitted and what part of the complaint, because of the misstatement or omission, has been rendered inadequate for a finding of probable cause. If these requirements are met and if, when the material previously omitted is inserted into the complaint, there remains sufficient content in the criminal complaint to support a finding of probable cause, no *Franks* hearing is required. If the requirements are met and the criminal complaint is insufficient to support

---

[4] *Franks v. Delaware*, 438 U.S. at 155–56.

a finding of probable cause, then a *Franks* hearing is required. The motion for a *Franks* hearing request may be considered and, if granted, the *Franks* hearing may be held at the same time as motions to dismiss, unless the state requests time to prepare in opposition to the motion. If the *Franks* hearing is held to determine the existence of the misstatements or the omitted fact and if the fact or facts are proven by a preponderance of evidence by the defendant, then the judge must still consider the effect on a probable cause finding if the misstatement had not been stated or the omission had been stated on the face of the criminal complaint.

Where the omitted critical fact is undisputed it will not involve credibility determinations, the weighing of evidence, or the drawing of one of several inferences from a fact. These considerations are outside the scope of a *Franks* hearing on a challenge to the face of a complaint. We stated in *State v. Dunn,* 121 Wis. 2d 389, 359 N.W.2d 151 (1984), that a preliminary hearing is not a proper forum to choose between conflicting facts or inferences or to weigh the state's evidence against evidence favorable to the defendant (citing *State ex rel. Evanow v. Seraphim,* 40 Wis. 2d 223, 228, 161 N.W.2d 369 (1968)). We reaffirm that statement and apply its reasoning to *Franks* hearings in its analysis of the faces of criminal complaints. For an omitted fact to be the equivalent of a "reckless disregard for the truth," it must be a critical, undisputed fact capable of only one meaning.

The state urges the court's consideration of a recent ruling of the Illinois Supreme Court in *Illinois v. Stewart,* 105 Ill. 2d 22, 473 N.E.2d 840 (1984), in which that court ruled that the *Franks* rule can be applied to material facts intentionally omitted from an affidavit

(not a complaint). In that case, the Illinois court stated: "The defendant must show that the information omitted was material to the determination of probable cause and that it was omitted for the purpose of misleading the magistrate." This rule applies only to search warrants and the application of the exclusionary rule for police misconduct. To require trial courts to conduct hearings with that vague, ethereal standard of whether the purpose of an omission from a criminal complaint was to mislead the judge would delay justice unnecessarily. We have previously stated that intent, deliberate or reckless, is not an issue in the *Franks* challenge to a criminal complaint. The defendant is entitled to no delays while such a consideration would be determined. The court procedures are established to seek and further justice, not to delay, hinder or prevent it.

## III.  PROBABLE CAUSE

The identified omissions in this case are not sufficient to meet the threshold requirements of warranting a *Franks* hearing or requiring dismissal of the amended complaint. They are not critical, determinative, or undisputed facts with only single meanings. Even if the alleged omissions were inserted in the amended complaint, probable cause to believe that the defendant violated his statutory duty to remain at the scene and fulfill the obligations imposed on him by sec. 346.67 (1) (a), (b) and (c), Stats., has not been vitiated. In examining the face of the amended criminal complaint, we find facts sufficient to find probable cause,[5] even assuming the inclusion of the following facts, likewise

---

[5] The amended criminal complaint stated Frank J. Sezemsky was found by the police lying in a ditch face down in water. In addition, the complaint alleges the defendant admits in a

assumed as true: the defendant asked one woman at the scene for a ride, asked another to call an ambulance, asked a woman at the scene to use her phone or that she use it to call assistance and that the defendant observed the police at the scene before he left. Section 346.67(1)(c) requires a person involved in an accident involving injury or death of any person to render such a person "reasonable assistance." A court cannot say as a matter of law that the defendant's actions, even if developed by the omitted evidence from the complaint in this case, constituted conduct complying with the statutory requirements.

The court will not comment further on the meaning of sec. 346.67(1)(a), (b), and (c), Stats., as it applies to the present case since there is unanswered a motion in the trial court challenging the statute for vagueness which is not before us.

In *State ex rel. Cullen v. Ceci*, 45 Wis. 2d 432, 442, 173 N.W.2d 175 (1970), we described what was necessary in a complaint when we stated:

"The complaint at this point need not contain all the allegations of fact which if proved would be necessary to convict. The test to be applied at this stage is the same as that which is required for the issuance of a warrant:
" '. . . enough information [shall] be presented to the Commissioner to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.' *Jaben v. United States* (1965), 381 U.S. 214, 224, 85 Sup. Ct. 1365, 14 L. Ed. 2d 345."

We stated the test a judge applies in examining the complaint and the content of the complaint necessary for that test in *Cullen v. Ceci* at 444: "It is enough that

written statement being the driver of one of the accident vehicles and fleeing the area on foot.

a fair-minded magistrate could conclude that the facts and circumstances alleged justify further criminal proceedings and that the charges are not merely capricious." It is unnecessary that all facts developed in a criminal investigation be made a part of the criminal complaint but just such factual information on which the judge can determine probable cause that a crime has been committed by the defendant. Of course, the complaint must not include untruthful allegations by the complainant since that would destroy the integrity of the justice system, nor should critical, determinative, undisputed material facts with only single meanings be omitted from the complaint for the same reason.

In Wisconsin, the statutes require a preliminary examination be conducted within ten days of the initial appearance of the defendant if not bailed or 20 days if bailed. At that hearing the state must establish probable cause for further proceedings. Sec. 970.03(2), Stats.[6] Subsection (5) of the same statute allows the defendant to cross-examine adverse witnesses and allows him to call witnesses on his own behalf. It is at the preliminary hearing that evidence if known but omitted from the complaint may be offered by the defendant for the purposes of assessing his probable guilt and to determine the requirement to stand trial.

We stated in *Evanow v. Seraphim,* 40 Wis. 2d at 228: "The hearing as to probable cause before the magistrate is not a preliminary trial. It is not the proper forum to debate and determine issues as to credibility

---

[6] Sec. 970.03(2), Stats., provides as follows:

"(2) The preliminary examination shall be commenced within 20 days after the initial appearance of the defendant if the defendant has been released from custody or within 10 days if the defendant is in custody and bail has been fixed in excess of $500. On stipulation of the parties or on motion and for cause, the court may extend such time."

and weight of evidence once essential facts as to probability have been established." Except for a misstatement on the complaint or an omitted critical, determinative, undisputed material fact with only one meaning, a *Franks* hearing is not available as a challenge to the face of a complaint. The criminal complaint is not meant to provide a trial nor even a preliminary hearing but only a statement to be examined by a judge that is truthful and including such determinative facts that are critical for a fair determination of probable cause that the defendant committed the charged crime. The complaint is not meant to provide a basis for a minitrial as to guilt nor to have its stated facts challenged as to their weight or convincing power but to be considered as they bear on probable cause. If the defendant can demonstrate misstatements on the complaint or that qualified facts were omitted from the complaint, then the defendant is entitled to a *Franks* hearing where he bears the burden of proof of establishing by a preponderance of the evidence that by removing the misstatements or including the qualified omitted facts, probable cause on the face of the complaint is lacking. Even if the defendant bears his burden of proof at the hearing by a preponderance of the evidence, the judge must consider all other portions of the complaint and determine whether they establish probable cause independent of the removed or added allegations. To require the court to rely on criminal complaints containing material misstatements or qualified omissions would be unjust. Moreover, it would certainly be unjust to require an individual charged by a criminal complaint to wait until the preliminary hearing, or until trial in the case of misdemeanors, to show the critical error which has been made.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.