**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**January 2, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1820-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CF18

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CHRISTOPHER L. JACKSON,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Waukesha County:  LEE S. DREYFUS, JR., Judge.  *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Christopher L. Jackson appeals from a judgment of conviction and an order denying his postconviction motions.  He contends that the circuit court erred in (1) denying his request for a lesser-included jury instruction; (2) addressing a question of the jury outside the presence of the parties; and (3) denying his claim of ineffective assistance of counsel without an evidentiary hearing.  For the reasons that follow, we affirm.

¶2     In 2016, Jackson was charged with two counts of attempted first-degree intentional homicide, one count of first-degree recklessly endangering safety, and one count of possession of a firearm by a felon.  He was accused of shooting into a moving vehicle that contained two adults (A.W. and his wife, N.G.) and their small child (A.D.W.).  A.W. was struck in the chin and thigh.  N.G. and A.D.W. were uninjured, though one bullet went through N.G.'s headrest.  Jackson was purportedly angry for having been cheated in a drug deal by A.W. and N.G.

¶3     The matter proceeded to trial where numerous witnesses testified, including Jackson.  At the conclusion of the defense's case-in-chief, Jackson asked for the lesser-included jury instruction of first-degree recklessly endangering safety on the two counts of attempted first-degree intentional homicide, which related to A.W. and N.G.  The circuit court denied the request, determining that there was no evidence to support a jury verdict acquitting Jackson of attempted first-degree intentional homicide and convicting him of first-degree recklessly endangering safety.

¶4     After the case was submitted, the jury sent out a note indicating that they were looking for clarification on the intent to kill element.  The note asked, "Are we to interpret intent to kill as the intent to kill a specific person or is it a

2

general intent to kill any human being?" Without consulting the parties, the circuit court responded, "The definition of intent to kill that you are to utilize is contained in the instruction for attempted first degree intentional homicide. No further clarification will be provided."[1] The court later informed the parties of this communication before the jury returned with their verdicts. Neither party objected to what the court had done.

¶5    Ultimately, the jury found Jackson guilty on all counts. The circuit court sentenced him to a total of thirty years of initial confinement and twenty years of extended supervision.

¶6    Jackson filed multiple postconviction motions for relief. In one, he complained that the circuit court had engaged in improper communication with the jury. In another, he accused his trial counsel of ineffective assistance for failing to file a motion to suppress evidence seized from his residence pursuant to a warrant.[2] The court denied the motions without an evidentiary hearing. This appeal follows.

¶7    On appeal, Jackson first contends that the circuit court erred in denying his request for the lesser-included jury instruction of first-degree recklessly endangering safety. He seeks a new trial on that basis.

---

[1] The instruction for attempted first-degree intentional homicide defines intent to kill as "the defendant had the mental purpose to take the life of another human being or was aware that (his) (her) conduct was practically certain to cause the death of another human being." *See* WIS JI—CRIMINAL 1070.

[2] The search of Jackson's residence yielded the gun used in the shooting.

¶8    A defendant is entitled to a lesser-included jury instruction "when reasonable grounds exist in the evidence both for acquittal on the greater offense and conviction on the lesser offense." *State v. Miller*, 2009 WI App 111, ¶48, 320 Wis. 2d 724, 772 N.W.2d 188. Whether the evidence permits the giving of such an instruction is a question of law that we review de novo. *See State v. Kramar*, 149 Wis. 2d 767, 792, 440 N.W.2d 317 (1989).

¶9    Here, we are satisfied that the circuit court properly denied Jackson's request for the lesser-included jury instruction. To begin, Jackson presented no basis for the instruction with his theory of defense, which denied that he was the shooter. Moreover, there were no reasonable grounds in the evidence to support a conviction of first-degree recklessly endangering safety with respect to A.W. and N.G. According to A.W., the shooter, whom he identified as Jackson, pulled up next to him, raised a gun, and fired directly into his vehicle towards the front seats where he and N.G. sat.[3] There was nothing reckless about this conduct. Rather, it unequivocally demonstrated intent to kill.

¶10    Jackson next contends that the circuit court erred in addressing the jury's question about intent to kill outside the presence of the parties. Again, he seeks a new trial on that basis, asserting that the court violated his constitutional right to be present.

¶11    As a threshold matter, Jackson forfeited this issue by failing to make a timely objection. *See State v. Pinno*, 2014 WI 74, ¶¶7-8, 356 Wis. 2d 106, 850

---

[3] A.D.W. sat in a child seat in the back of the car. It was unclear whether Jackson knew he was there. Accordingly, the State charged Jackson with first-degree recklessly endangering safety with respect to A.D.W.

N.W.2d 207 (claims of constitutional errors, even structural errors, may be deemed forfeited if a timely objection is not made). Jackson was aware of the circuit court's communication with the jury before they returned with their verdicts; nonetheless, he did nothing about it.

¶12 In any event, we are not convinced that the circuit court's action prejudiced Jackson. The court did not substantively answer the jury's question about intent to kill. Instead, it simply directed them back to the definition found in the jury instruction, which was legally sound and had previously been agreed upon by the parties. On this record, any error in addressing the jury's question was harmless. *See May v. State*, 97 Wis. 2d 175, 185, 293 N.W.2d 478 (1980) (circuit court's answering of a jury question without notifying counsel is subject to harmless error review).

¶13 Finally, Jackson contends that the circuit court erred in denying his claim of ineffective assistance of counsel without an evidentiary hearing. As noted above, Jackson accused his trial counsel of ineffective assistance for failing to file a motion to suppress evidence seized from his residence pursuant to a warrant. Jackson believed that counsel should have pursued a *Franks/Mann*[4] motion based on his claim that the no-knock provision of the warrant was invalid. Jackson maintained that the affidavit used to obtain the provision contained a false statement about his gang affiliation.

¶14 When a defendant pursues postconviction relief based on ineffective assistance of counsel, the defendant must preserve counsel's testimony at an

---

[4] *See Franks v. Delaware*, 438 U.S. 154 (1978); *State v. Mann*, 123 Wis. 2d 375, 367 N.W.2d 209 (1985).

evidentiary hearing. *State v. Curtis*, 218 Wis. 2d 550, 554-55, 582 N.W.2d 409 (Ct. App. 1998). However, a defendant is not automatically entitled to an evidentiary hearing upon filing a postconviction motion that alleges ineffective assistance of counsel. *Id.* at 555 n.3.

¶15 To earn an evidentiary hearing on a postconviction motion, the defendant must allege "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. If the motion alleges sufficient facts, a hearing is required. *Id.* If the motion is insufficient, if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court may exercise its discretion in deciding whether to grant a hearing. *Id.* We review the court's discretionary decision under the deferential erroneous exercise of discretion standard. *Id.*

¶16 We are not persuaded that Jackson was entitled to an evidentiary hearing on his claim of ineffective assistance of counsel. As noted by the State, Jackson's allegations in his postconviction motion were conclusory and insufficient. He failed to make a "'substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit'" and that the "'allegedly false statement is necessary to the finding of probable cause.'" *State v. Mann*, 123 Wis. 2d 375, 384, 367 N.W.2d 209 (1985) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)).

¶17 At any rate, the record demonstrates that a motion to suppress would not have succeeded. Setting aside the disputed gang affiliation, police still had "a reasonable suspicion that knocking and announcing their presence, under the

particular circumstances, would be dangerous." ***State v. Eason***, 2001 WI 98, ¶18, 245 Wis. 2d 206, 629 N.W.2d 625 (citation omitted). As detailed in the affidavit, Jackson was a convicted felon who police believed had tried to kill multiple people with a firearm. Because there was a sufficient independent basis to authorize the no-knock provision, Jackson's trial counsel was not ineffective for failing to file a motion to suppress. *See **State v. Allen***, 2017 WI 7, ¶46, 373 Wis. 2d 98, 890 N.W.2d 245 (trial counsel cannot be ineffective for failing to make a meritless argument).

> *By the Court.*—Judgment and order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).