COURT OF APPEALS
DECISION
DATED AND FILED

September 29, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP892-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF641

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

MICHAEL D. DEMARS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Eau Claire County:  MICHAEL A. SCHUMACHER, Judge.  *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Michael Demars appeals from a judgment convicting him of two counts of possession of child pornography and from an

order denying his postconviction motion. Demars seeks to withdraw his no-contest pleas on the ground that he was afforded ineffective assistance of counsel. Specifically, Demars contends that his trial counsel should have filed a motion to suppress evidence seized pursuant to a search warrant that Demars maintains was unsupported by probable cause and contained material misstatements of fact. We reject Demars' claims and affirm the judgment of conviction and postconviction order.

## BACKGROUND

¶2     The challenged search warrant was issued based upon an application and accompanying affidavit filed by detective Joshua Miller of the Eau Claire Police Department. Miller averred upon information and belief that detective Deb Brettingen had traced a peer-to-peer download of 441 images of a clothed prepubescent girl "staged in very awkward sexually suggestive positions" to an IP address associated with an account owned by Demars. The underwear worn by the child was "almost see-through" and in some of the photographs, "the outline of the edge of [the child's] vagina or buttocks was exposed."

¶3     Miller further averred that detective Bridget Coit questioned Demars about the downloaded photographs. According to the affidavit, Demars admitted downloading photographs of girls he believed to be eleven to twelve years old, and he advised Coit that he had an "erotic interest in clothed children to include children approximately 11-12 years old up to teenagers." Demars said some of the photographs he downloaded depicted naked girls, but he deleted those pictures after downloading them. Demars also told Coit that he had a computer and five external hard drives at his residence, and that he worked at a daycare center.

¶4 In a postconviction motion to suppress, Demars contended that the facts in the affidavit were insufficient to provide probable cause to support the issuance of a search warrant. Demars further alleged that the affidavit in support of the search warrant materially misrepresented Demars' statement about his erotic interests. The circuit court rejected both arguments and denied the suppression motion. Demars now appeals.

## DISCUSSION

¶5 A defendant seeking to withdraw a plea after sentencing on grounds other than a defective plea colloquy must demonstrate, by clear and convincing evidence, that a refusal to allow plea withdrawal would result in a "manifest injustice," raising "serious questions affecting the fundamental integrity of the plea." *State v. Dillard*, 2014 WI 123, ¶83, 358 Wis. 2d 543, 859 N.W.2d 44. One way to demonstrate manifest injustice is to show that the defendant received constitutionally ineffective assistance of counsel. *Id.*, ¶84.

¶6 To establish a claim of ineffective assistance, a defendant must prove two elements: (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance. *State v. Sholar*, 2018 WI 53, ¶32, 381 Wis. 2d 560, 912 N.W.2d 89. We will not set aside the circuit court's factual findings about what actions counsel took or the reasons for them unless those findings are clearly erroneous. *See State v. Balliette*, 2011 WI 79, ¶19, 336 Wis. 2d 358, 805 N.W.2d 334. We will, however, independently determine as a question of law whether counsel's conduct violated the constitutional standard for ineffective assistance. *Id.*, ¶18.

¶7 We need not address both elements of the ineffective assistance test if the defendant fails to make a sufficient showing on one of them. *State v.*

*Swinson*, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12. Here, we do not need to address the question of prejudice because Demars has failed to demonstrate that his trial counsel's performance was deficient.

¶8 To demonstrate deficient performance, a defendant must overcome a presumption that his or her counsel's actions fell within a wide range of professional conduct. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Counsel does not perform deficiently by failing to bring a meritless motion. *State v. Sanders*, 2018 WI 51, ¶29, 381 Wis. 2d 522, 912 Wis. 2d 16. We are satisfied that a suppression motion based upon either of the grounds identified by Demars in this appeal would lack merit.

## I. Probable Cause

¶9 A search warrant may be issued only upon a showing of probable cause. *State v. Romero*, 2009 WI 32, ¶16, 317 Wis. 2d 12, 765 N.W.2d 756. The judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit … there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.*, ¶19. The quantum of evidence required is less than that needed to bind a defendant over for trial. *State v. Lindgren*, 2004 WI App 159, ¶20, 275 Wis. 2d 851, 687 N.W.2d 60. The inference of probable cause need not be the only inference that could be drawn from the facts presented. *State v. Casarez*, 2008 WI App 166, ¶19, 314 Wis. 2d 661, 762 N.W.2d 385. Due to the strong preference for searches conducted pursuant to a warrant, a reviewing court will defer to a judge's issuance of a warrant "unless the defendant establishes that the facts are clearly insufficient to support a finding of probable cause." *State v. Silverstein*, 2017 WI App 64, ¶13, 378 Wis. 2d 42, 902 N.W.2d 550.

¶10    In addition, because suppression of evidence is a tool designed to deter police misconduct, the exclusionary rule does not apply when police act with "objectively reasonable reliance" on a warrant that is later found to be invalid. *United States v. Leon*, 468 U.S. 897, 922 & n.23 (1984). In order to invoke this good faith exception, the State must show that the process used to obtain the warrant included a significant investigation and review by a government attorney or an officer trained in probable cause determinations, and that the warrant or affidavit upon which it is based is not so facially deficient or lacking in indicia of probable cause that a reasonable, well-trained officer would not have relied upon the warrant. *State v. Eason*, 2001 WI 98, ¶¶63-64, 245 Wis. 2d 206, 629 N.W.2d 625. When these requirements are met, it is objectively reasonable for the police to rely on the warrant. *Id.*, ¶3.

¶11    Demars contends the affidavit at issue in this case failed to establish probable cause in large part because the downloaded images linked to his account and reviewed by the police did not depict "sexually explicit conduct," as is needed to constitute child pornography under WIS. STAT. §§ 948.01(7) and 948.12 (2015-16). In particular, he argues that the images were not "lewd" because they did not visibly display the child's genitals or other intimate parts with an unnatural or unusual focus. *See State v. Petrone*, 161 Wis. 2d 530, 561, 468 N.W.2d 676 (1991), *overruled on other grounds by State v. Greve*, 2004 WI 69, ¶31 n.7, 272 Wis. 2d 444, 681 N.W.2d 479; *see also* WIS. STAT. § 948.01(1t) (2017-18) (subsequently codifying the *Petrone* definition of lewd).

¶12    Regardless of the merit of Demars' assertions in this regard, we are satisfied that the good faith exception set forth in *Leon* and *Eason* applies here. The police investigation included the viewing and tracing of a high number of sexually suggestive images of children to an account linked to Demars, verifying

that there had been recent peer-to-peer activity linked to that account, interviewing Demars about the images and his activities, and consulting with the district attorney's office regarding the warrant. We view the involvement of the district attorney's office in the process of applying for the warrant as particularly significant, as attorneys in that office would be trained in probable cause determinations, and it would be natural for the police to rely on their advice. Given the content of the already recovered images, it was not necessary to show that those images themselves constituted child pornography in order for Demars' possession of them to create a fair and objectively reasonable probability that he might have additional images that would constitute child pornography. This is particularly true given his use of a peer-to-peer program, his admissions to having an "erotic interest" in teenaged children (albeit clothed) and to also downloading nude photographs of children, and his possession of five separate hard drives, any of which could be used to evade detection.

¶13    On these facts, we conclude it was objectively reasonable for police to assume the warrant was lawful. The warrant application had been reviewed by a government attorney and the affidavit supporting it was not facially deficient. Therefore, a motion seeking to suppress evidence seized pursuant to the warrant would not have succeeded, regardless of whether the facts presented in the warrant application ultimately constituted probable cause. Accordingly, Demars could not establish prejudice based on his counsel's failure to bring a motion challenging probable cause for issuing the warrant.

**II. Alleged Misrepresentations**

¶14    A defendant seeking to suppress evidence seized pursuant to a search warrant that was issued based upon an affidavit that is alleged to contain

misrepresentations must show that: (1) the affiant intentionally and recklessly included a false statement in the application for the warrant; and (2) the allegedly false statement was necessary to a finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). The "false statement" standard encompasses an omission equivalent to a deliberate falsehood or reckless disregard of the truth if the omission involves "an undisputed fact that is critical to an impartial judge's fair determination of probable cause." *State v. Mann*, 123 Wis. 2d 375, 388, 367 N.W.2d 209 (1985). The negligent inclusion of an inaccurate statement is insufficient to warrant suppression; there must be a purpose to mislead. *Id.* at 390. The standard is not designed to address disputes as to credibility, the weight of evidence, or what inferences should be drawn from a set of facts. *Id.* at 389.

¶15 Demars challenges the representation in the affidavit that he admitted to having an "erotic interest in clothed children to include children approximately 11-12 years old up to teenagers." He contends that representation falsely conflated his statement that he had *seen* clothed children as young as twelve in images he downloaded with other statements he made that he was most attracted or erotically interested in clothed females in their late teens to twenties.

¶16 We are not persuaded that the challenged statement in the affidavit constitutes a falsehood—much less a deliberate one—or a reckless disregard of the truth. The affidavit was summarizing a lengthy interview during which Demars also stated that he was attracted to females of "whatever age" who could "appear very womanly," and that the images of a clothed girl he estimated to be between twelve and fourteen years old "[m]aybe slightly" piqued his interest. Moreover, we are satisfied that the challenged statement was not necessary to a finding of probable cause given the other information in the warrant, including the descriptions of the 441 images of a clothed prepubescent child located through the

7

peer-to-peer program, and Demars' use of a peer-to-peer program itself and multiple hard drives to obtain and store the images.

¶17    We conclude that counsel was not ineffective for failing to bring a *Franks/Mann* motion.  Therefore, in conjunction with our conclusion above that counsel was not ineffective for failing to challenge probable cause, Demars failed to establish manifest injustice necessary to withdraw his pleas.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).