COURT OF APPEALS
DECISION
DATED AND FILED

March 1, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP1982-CR**

Cir. Ct. No. 2017CF2671

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ROMERO M. WATSON,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: FREDERICK C. ROSA, Judge. *Affirmed*.

Before Donald, P.J., Dugan and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Romero M. Watson appeals from a judgment, following a jury trial, in which he was convicted of three drug charges and two gun charges. He argues that the circuit court erred when it refused an evidentiary hearing and denied his motion to suppress. Watson also argues there was insufficient evidence to support three of the convictions. We affirm.

## BACKGROUND

¶2 Milwaukee police officers received information from a confidential informant, who had previously provided credible information, that a man he knew as "RoRo" was selling cocaine, marijuana, and pills from a residence. The informant also told police he had seen RoRo with a gun. The informant described RoRo and identified Watson as RoRo from a booking photo. The police had the informant engage Watson in a controlled buy of cocaine. Officer Christopher Conway then completed a search warrant affidavit and obtained a no-knock warrant.

¶3 When police executed the warrant, there were seven people at the residence, including Watson. Watson ran out the back door towards a fence, then doubled back towards an SUV. After officers took Watson into custody, they found a handgun under the SUV.

¶4 In the residence's dining room, police recovered drug paraphernalia and baggies of cocaine, along with various identifiers for Watson, including his driver's license, an energy bill, and other mail addressed to him at the residence. There were photos of Watson located near the dining room china cabinet, including photos of Watson in that very room. In the northwest bedroom, police found cocaine, marijuana, and pills in a dresser. There were additional identifiers for Watson in that bedroom, including a vehicle title, his social security card, a debit

card, and more mail addressed to him. In a backpack in the bedroom's closet, police found marijuana, cocaine, and a loaded semi-automatic 9mm handgun.

¶5    In the second amended information filed in this case, Watson was charged with possession with intent to deliver more than forty grams of cocaine as a second or subsequent offense; possession with intent to deliver between 200 and 1000 grams of tetrahydrocannabinols as a second or subsequent offense; possession with intent to deliver between ten and fifty grams of methamphetamine as a second or subsequent offense; and two counts of possession of a firearm by a felon.

¶6    Watson moved to suppress all evidence obtained from execution of the search warrant, alleging that the warrant application failed to establish probable cause to issue the warrant. He also asserted that "information regarding the credibility of the informant was omitted from the affidavit in reckless disregard for the truth." The circuit court denied the motion without an evidentiary hearing, and the case was tried to a jury. The jury convicted Watson of all five offenses, and he was ultimately given concurrent and consecutive sentences totaling thirteen years of initial confinement and seven years of extended supervision. Watson appeals.

## DISCUSSION

*Motion to Suppress/Search Warrant Application*

¶7    A circuit court's decision on a motion to suppress evidence presents a mixed question of fact and law. *See* ***State v. Casarez***, 2008 WI App 166, ¶9, 314 Wis. 2d 661, 762 N.W.2d 385. We do not reverse the court's factual findings unless clearly erroneous, but the application of constitutional principles to those findings is reviewed *de novo*. *See **id.***

3

¶8    "A search warrant may issue only upon probable cause." ***State v. Jones***, 2002 WI App 196, ¶10, 257 Wis. 2d 319, 651 N.W.2d 305. On review of a challenge to probable cause for issuance of a search warrant, we examine "'the totality of the circumstances presented to the warrant-issuing commissioner to determine whether the warrant-issuing commissioner had a substantial basis for concluding that there was a fair probability that a search of the specified premises would uncover evidence of wrongdoing.'" ***State v. Silverstein***, 2017 WI App 64, ¶13, 378 Wis. 2d 42, 902 N.W.2d 550 (citation omitted). We accord great deference to the warrant-issuer's determination of probable cause. *See* ***State v. Kerr***, 181 Wis. 2d 372, 379, 511 N.W.2d 586 (1994).

¶9    In ***Franks v. Delaware***, 438 U.S. 154, 155-56 (1978), the United States Supreme Court determined that a defendant was entitled to a hearing upon "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the [search] warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." In ***State v. Mann***, 123 Wis. 2d 375, 385-87, 367 N.W.2d 209 (1985), our supreme court recognized that ***Franks*** could also be applied to the omission of critical material from a warrant application. Then, "'[t]he defendant must show that the information omitted was material to the determination of probable cause and that it was omitted for the purpose of misleading the magistrate.'" ***Mann***, 123 Wis. 2d at 390 (quoting ***Illinois v. Stewart***, 473 N.E.2d 840, 851 (Ill. 1984)). "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." ***Franks***, 438 U.S. at 171.

¶10    In his suppression motion, Watson asserted that the warrant application and affidavit were insufficient to establish probable cause for a warrant

because they were "based on the claims of one unnamed informant," some information was "either stale or completely void of reference to time frames," and the affidavit "does not provide sufficient or adequate information related to the credibility of the informant upon whom it relies." In an oral ruling, the circuit court acknowledged *Franks*, and that, under *Mann*, the holding from *Franks* applies to omissions. It went through the warrant application, noting the information within it. For instance, the informant had been used and found to be reliable in the past, which resulted in a prior search warrant, recovery of contraband, and the filing of criminal charges. The court further noted that police in this case actually conducted a controlled buy, so "it isn't just the word of the informant."

¶11 Based on the information that was in the warrant application, the circuit court believed there was probable cause for the warrant to be issued. It explained that Watson "basically … speculated as to different explanations as to what might have occurred, could have occurred," but that he offered nothing to support those assertions. The court determined Watson had not alleged, much less shown, what information was "knowingly and intentionally or with reckless disregard for the truth" omitted from the application. Instead, the court perceived, Watson was simply saying he "would like to know more about the confidential informant and we don't believe that person is reliable." Thus, the circuit court denied the motion to suppress.

¶12 On appeal, Watson's brief similarly contains facts Watson would have liked to know, but no explanation as to how that omitted information was "'material to the determination of probable cause'" and nothing to demonstrate that the information "'was omitted for the purpose of misleading the magistrate.'" *See Mann*, 123 Wis. 2d at 390 (citation omitted). He points out, for instance, that a specific date and time for the controlled buy were not provided. However, the

5

warrant application specified that the buy had occurred within the preceding seventy-two hours. Watson cites no authority for the proposition that greater specificity is required. While he asserts that a *Franks/Mann* hearing would have shown that the controlled buy could not have occurred, that assertion is entirely conclusory and, thus, it is insufficient to mandate a hearing. *See Franks*, 438 U.S. at 171.

¶13 Citing federal cases, Watson also argues that the circuit court failed to consider several factors for determining probable cause, including whether the informant personally presented an affidavit, the extent of police corroboration of the informant's statement, and the amount of detail provided. *See United States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000); *United States v. Reddrick*, 90 F.3d 1276, 1281 (7th Cir. 1996). As noted, however, we examine the totality of the circumstances surrounding the warrant application. *See Jones*, 257 Wis. 2d 319, ¶10. "There are no longer specific prerequisites to a finding of confidential informant reliability. Rather, the current test simply requires courts to 'consider all of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information.'" *Id.*, ¶13 (citation omitted). The warrant issuer may draw reasonable inferences from the facts set forth in the affidavit, and the test is simply whether the inference drawn was reasonable, not that it was the only reasonable inference. *See id.*, ¶10. A determination of probable cause "will stand unless the defendant establishes that the facts are clearly insufficient to support a finding of probable cause." *Id.*, ¶11.

¶14 We agree with the circuit court that the search warrant affidavit supplied probable cause for a warrant to issue and that Watson has not identified any critical omission from the warrant application that would have defeated probable cause. Though Watson might have liked to challenge the informant's

credibility through cross-examination, that is not the appropriate test. *See Franks*, 438 U.S. at 171. The circuit court properly denied the motion to suppress and request for a *Franks/Mann* hearing.

*Sufficiency of the Evidence*

¶15 Watson also contends that there was insufficient evidence to support his convictions relating to the cocaine, the marijuana, and one of the guns; specifically, Watson argues that, although the evidence was sufficient to support an inference that he possessed some of the drugs found in the residence, the evidence was insufficient to prove that he possessed the backpack that was found in the bedroom and contained drugs and a gun. At best, Watson contends, the State shows he was within the backpack's presence, not in possession of it, as police testified that the backpack was readily moveable and had no identifiers in it. He asks that the drug counts be modified to lesser felonies to account for smaller quantities of drugs that could be attributed to him, and that the associated felon in possession charge be vacated.

¶16 "When a defendant challenges a verdict based on sufficiency of the evidence, we give deference to the jury's determination and view the evidence in the light most favorable to the State." *State v. Long*, 2009 WI 36, ¶19, 317 Wis. 2d 92, 765 N.W.2d 557. Whether the evidence is direct or circumstantial, this court "may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the [S]tate and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 507, 451 N.W.2d 752 (1990). "If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite

guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it." *Id.* at 507.

¶17     Although there were no identifiers for Watson in the backpack, it was recovered from the closet of a bedroom with numerous identifiers for Watson found throughout. No identifiers for any other person were found in the bedroom, suggesting that Watson had exclusive control of the bedroom.

¶18     Actual physical possession of an item is not required; an item is also "in a person's possession if it is in an area over which the person has control and the person intends to exercise control over the item." WIS JI—CRIMINAL 920; *State v. Allbaugh*, 148 Wis. 2d 807, 813-14, 436 N.W.2d 898 (Ct. App. 1989). It would have been more than reasonable for the jury to infer that the drugs and gun found in a backpack belonged to the backpack's owner; that a backpack found in the closet of a bedroom belonged to the person who controlled the bedroom; and that, in this case, the person who controlled the bedroom was Watson. Accordingly, sufficient evidence supports the verdicts.

        *By the Court.*—Judgment affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).